# German Security Bank *v.* Campbell & Co.

*Motion by Sheriff for Instructions as to Application of Money on Executions.*

1. *Lien of registered judgments.*—In determining the priority of the lien of judgments duly registered in the office of the probate judge (Sess. Acts 1888-9, p. 60), fractions of a day are to be computed, and the judgment first filed is entitled to priority over one filed on a subsequent hour of the same day.

APPEAL from the Circuit Court of Lauderdale.

Tried before the Hon. HENRY C. SPEAKE.

This was a motion by the sheriff of the county for instructions by the court as to the application of certain moneys in his hands arising from the sale of property under several executions against the F. H. Foster Manufacturing Company. These executions were issued on judgments ren-

[German Security Bank v. Campbell & Co.]

dered on the 4th September, 1890, in favor of W. P. Campbell & Co., Florence National Bank, German Security Bank, and other creditors; and the judgments in favor of the three creditors first named were duly filed for registration in the office of the probate judge on that day, in the following order of time: Campbell & Co., at 10:15 o'clock, A. M.; Florence National Bank, 3:30, P. M.; and German Security Bank, 9:45 P. M.; the others being filed on a subsequent day. The money in the hands of the sheriff was $7,883.17, which was less than the amount due on the judgment in favor of Campbell & Co. The execution in favor of Campbell & Co. came to the hands of the sheriff on the 15th September, 1890, and the others on a subsequent day. The several judgment creditors appeared, and admitted the facts as stated. The court directed the money to be applied to the judgment in favor of Campbell & Co., to which ruling an exception was reserved by the German Security Bank and the Florence National Bank, and they here assign it as error.

EMMET O'NEAL, for appellants, cited Freeman on Judgments, 4th Ed., 669, § 370; 5 Amer. & Eng. Encyc. Law, 89; *Rockhill v. Hanna*, 4 McL. 555; *Mechanics' Bank v. Gorman*, 8 Watts & Ser. 304; *Burney v. Boyett*, 1 How. Miss. 39; 38 Mo. 100.

SIMPSON & JONES, *contra*, cited *Murfree's Heirs v. Carmack*, 26 Amer. Dec. 232, notes; *Biggam v. Merritt*, 12 Amer. Dec. 576; 2 Burr. 950; 7 Wait's Actions & Defenses, 231; *Bliss v. Watkins*, 16 Ala. 229.

McCLELLAN, J.—The sole question presented for review on this record is, whether fractions of a day are to be considered in determining the priorities of the liens of judgments registered in the office of the probate judge under the act of February 26, 1889.—Acts 1888-89, p. 60. While there is a general rule of law, having reference, it is believed, mainly to the computation of the time within which an act may or must be done, that fractions of a day will not be taken into account, yet, in cases like this, where the conflicting claims of parties are dependent upon the priority in point of time at which they severally accrued or attached in the form in which they are sought to be effectuated, the true doctrine, we apprehend, is, that the actual and exact time of accrual must be ascertained, and the respective rights of the claimants determined with reference thereto. This principle is recognized by Mr. Wait, who in effect says,

that the fiction of law, that all acts done on the same day are to be held as done at the same time, does not obtain where rights depend upon the actual priority of acts done on the same day.—7 Wait's Actions & Defenses, 231. Lord Mansfield, in *Johnson v. Smith*, 2 Burr. 950, declared: "The court will not endure that a mere form or fiction of law, introduced for the sake of justice, should work wrong, contrary to the real truth and substance of the thing." And this court, while recognizing the general doctrine, as above stated, that the law takes no account of the fractions of a day, has declared, "that the same rule does not apply to statutes which, as between different acts, give a preference or priority to the one which is first done; and in such cases, courts will regard the fractions of a day."—*Lang v. Phillips*, 27 Ala. 311. And the same general principle is maintained in the following cases: *Munfree's Heirs v. Carmack & Williams*, 4 Yerger, 270; s. c., 26 Amer. Dec. 232, and notes; *Biggam v. Merritt*, Walker, 430; s. c., 12 Am. Dec. 576.

The application of this doctrine to the statute in question, and to the case at bar arising thereunder, must result in giving controlling importance to the precise moment of time at which judgments are registered, so that priority of registration, to the extent of any fraction of a day, will carry with it priority and superiority of the lien which arises and attaches upon registration. This view finds support in all analogies of the law. It may be laid down as a very general proposition, that whenever it is provided that a lien shall attach upon the doing of an act by or in behalf of the party who asserts it, or seeks to fasten it upon property,—as, for instance, the filing for record of a mortgage, the placing of an execution in the hands of a sheriff, and the like,—fractions of a day will be considered in determining the priority, and consequent superiority, as between liens resulting from, or resting severally upon acts done on the same day.

Adopting this view, we hold, with the court below, that the lien of the appellee, whose judgment was registered at an earlier hour of the day on which appellant's judgment was registered, was a superior lien on the property of the defendant in judgment, and entitled to be first satisfied.

The judgment of the Circuit Court is accordingly *affirmed;* and this judgment will be entered and take effect as of the date of the submission of this cause.

Affirmed and rendered.