# Teague, Barnett & Co. v. Bass.

## *Action of Trespass.*

1. *New trial; when judgment reversed.*—On an appeal from a judgment refusing a new trial, on the ground that the evidence was not sufficient to support the verdict, or that the verdict was contrary to the evidence, if, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to

[Teague, Barnett & Co. v. Bass.]

clearly convince the court that it is wrong and unjust, the judgment refusing the new trial will be reversed.

2. *Fraudulent conveyance; burden of proof.*—When a conveyance of a stock of goods by a debtor is assailed upon the ground of fraud, the burden of proof is upon the purchaser to show by clear and satisfactory proof that the transaction was characterized by good faith and entirely free from all intent to hinder, delay or defraud any one or more of the creditors of the vendor.

3. *Same; sale by solvent debtor may be fraudulent.*—A solvent debtor who converts his property into money for the purpose of putting it beyond the reach of his creditors, is guilty of a fraudulent sale of property; and if the purchaser with knowledge of such fraudulent purpose, or with knowledge or notice of facts calculated to put a reasonable man on inquiry, which, if followed up, would lead to a discovery of the fraudulent intent, pays a cash consideration to such purchaser, he becomes a party to the fraudulent transaction and acquires no title as against the debtor's creditors.

4. *Same; unexplained retention of property badge of fraud.* Where a sale of a stock of goods by a debtor is assailed by one of his creditors, the unexplained retention of the possession of the goods is a badge of fraud going to the fact of sale and the sufficiency of the consideration, and casts upon the purchaser the burden of explaining the vendor's continued possession, so as to make the facts consistent with the *bona fides* of the sale.

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. N. D. DENSON.

The facts of the case are sufficiently stated in the opinion.

E. M. OLIVER and HORACE STRINGFELLOW, for appellant.—The court should have granted the motion for a new trial.—*Cobb v. Malone*, 92 Ala. 630; *Mary Lee C. & R. Co. v. Chambliss*, 97 Ala. 180; *Shepard v. Dowlong*, 103 Ala. 566; *Bir. Elec. R. Co. v. Clay*, 108 Ala. 236; *Davis v. Miller*, 109 Ala. 600.

The facts of the case were sufficient to stamp the purchase by the plaintiff of the stock of goods as fraudulent.—*Ullman v. Myrick*, 93 Ala. 537; Bump on Fraudulent Conveyances, (2d ed.), 133; Wait on Fraudulent

Conveyances, § 237; *Lehman v. McQueen,* 65 Ala. 572; *Wilk v. Key,* 117 Ala. 289.

BARNES & DUKE, *contra.*—The Supreme Court will not reverse a judgment refusing a new trial unless clearly convinced that the verdict was unjust.—*Cobb v. Malone,* 92 Ala. 630; *White v. Blair,* 95 Ala. 147; *Morris v. West,* 101 Ala. 534; *Kelly v. Eyster,* 102 Ala. 325; *Shepard v. Dowling,* 103 Ala. 563; *Holland v. Howard,* 105 Ala. 538; *Bray v. Landrum,* 105 Ala. 553; *Bank of Commerce v. Eureka B. & L.,* 108 Ala. 89; *Terst v. O'Neal,* 108 Ala. 250; *Davis v. Miller,* 109 Ala. 589.

DOWDELL, J.—The appellee Bass instituted suit in trespass against appellants for the wrongful taking of plaintiff's goods, which were levied upon under an attachment sued out by appellants against the firm of Satterwhite & Trammell, who were their debtors. The appellee claimed to have purchased the stock of goods levied upon for value from Satterwhite & Trammell. Verdict and judgment were rendered in favor of said Bass against appellants, and thereafter a motion was made by appellants for a new trial, principally upon the grounds that the verdict was contrary to the evidence and that the evidence was insufficient to support the verdict. This motion was overruled by the court, and hence this appeal. Although there are several assignments of error, the only one really insisted on in argument by counsel for appellant is that which relates to the ruling of the court on the motion for a new trial.

A rule for the guidance of the court in such cases was laid down in *Cobb v. Malone,* 92 Ala. 630, wherein it is stated that "the decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to convince the court that it is wrong and unjust." It is also stated that this rule is not inflexible, but subject to exceptions and qualifications dependent

upon peculiar circumstances. This qualification, however, can mean nothing more nor less than that the court will not reverse a refusal to grant a motion for a new trial upon the grounds above stated unless it is clearly of the opinion that the verdict of the jury is wrong and unjust. As was said in the case of *Mary Lee Coal and Railway Co. v. Chambliss*, 97 Ala. 180: "We are of opinion that that verdict of the jury was contrary to the evidence and that a new trial should have been granted. It is clear that the plaintiff relied for a recovery exclusively upon the theory that by reason of the defect in the switch, when the wheels supporting the engine struck the rails of the switch, the lever of the switch, which he was at the time trying to press down, was made to fly up with so much force and suddenness that it threw him in front of the engine. The testimony of the witness Sharp, who was examined as an expert, tended to show that this was possible, but the testimony in rebuttal on this point so greatly predominates, and is of such a character, that we are clearly of the opinion that the case is fully within the rule declared in *Cobb v. Malone;*" quoting the rule laid down in that case. Again, in the case of *Shepard & Co. v. Dowling*, 103 Ala. 566, this court, after stating the other phases of the testimony upon which the jury might have found for the plaintiff, said: "We have carefully considered the testimony with reference to each of these propositions, and without going into details, reached the conclusion that a new trial ought to have been granted." Again, in the case of *Birmingham Electric Railway Co. v. Clay*, 108 Ala. 236, the plaintiff's witness testified that the train had stopped to discharge passengers, and that while they, with deceased, were attempting to board it, the train started with a jerk, throwing deceased off. The defendant's witness testified that the train was in motion when the deceased tried to board it. The court said, notwithstanding this conflict in the testimony: "The preponderance of the evidence before us was so greatly in favor of the defendant, as, in our judgment, presented a case for a new trial." Again, in the case of *Davis v. Miller*, 109 Ala. 600, this court said: "After according all reasonable

[Teague, Barnett & Co. v. Bass.]

presumptions of the correctness of the verdict and judgment below, it is our conviction that the preponderance of the evidence is so decided in favor of the foregoing conclusions of fact, and therefore against the verdict, as to leave really no substantial doubt that the verdict is wrong and unjust, and to impose the duty upon us of reversing the judgment and setting aside the verdict."

The evidence shows that said Satterwhite & Trammell were merchants doing business at Five Points, in Chambers county. The appellee was a clerk in their store, under a contract with them for a term of one year at $50 a month for the fall and winter months, and $25 per month for the spring and summer, or a total of $450 a year. This contract was entered into in September. The sale of the stock of goods in question by Satterwhite & Trammell to appellee, their clerk, was made a little over a month after he, Bass, the appellee, entered into their employment as such clerk. The stock of goods consisted mainly in new goods which had just been received by said firm, and carried from the depot into the house known as the Ward building, a different building from that in which they were then doing business; that the alleged sale occurred just four days prior to the levy of the writ of attachment; that the terms of said sale were cash, and the price fixed at 30 per cent. discount on the cost of the goods.

The *bona fides* of the sale under which the appellee claimed title to the stock of goods levied on being assailed, the burden of proof was upon him to show by clear and satisfactory proof that the transaction was characterized by good faith and entirely free from all intent to hinder, delay or defraud any one or more of the creditors of the vendors. We have carefully considered the whole evidence, and we are clearly of the opinion that upon this question the verdict of the jury was wrong and unjust, and that appellants are justly entitled to another trial. As the cause must be remanded for another trial, we refrain from discussing the evidence in detail, lest in so doing the rights of parties might thereby be prejudiced upon a second trial.

Sufficient to say that there were a number of facts and circumstances shown by the evidence going to the impeachment of the *bona fides* of the sale, which were either so unsatisfactorily explained or not accounted for at all, as in our judgment to leave the great weight of the evidence against the verdict of the jury on the question of fraud in the sale.

It is urged by counsel for appellee that there is no evidence whatever of the insolvency of Satterwhite & Trammell. This may be true, and still they may be guilty of fraud as against their creditors. It has been decided by this court, and the soundness of the proposition is beyond question, that a debtor, possessed of ample means to settle the demands against him, as well as an insolvent debtor, may be guilty of a fraudulent intent in the sale of his property, by converting it into money for the purpose of putting it beyond the reach of his creditors, and a vendee who purchased with a knowledge of such fraudulent intent, or with knowledge or notice of facts calculated to put a reasonable man on inquiry which if followed up would lead to a discovery of the fraudulent intent, will not be protected. *Carter v. O'Brien Bros.*, 105 Ala. 316; *Beall v. Lehman, Durr & Co.*, 110 Ala. 450.

Without prejudicing the rights of the appellees upon another trial, we may refer to the evidence of Sheriff Gilder, who testified in the case and whose evidence was not contradicted, and the verdict of the jury was clearly contrary to this evidence, which was that on the morning of the day that he levied the writ of attachment, when he went to the store for the purpose of making the levy, he found Satterwhite, one of the vendors of appellee, in the store behind the counter, handling the goods. There was no evidence of any lease of the storehouse to appellee, nor any attempt to explain or account for Satterwhite's being in the store behind the counter, and apparently, and ostensibly, in possession of said goods.

The law is well settled that, "The unexplained retention of the possession of personal property which it alleged has been sold to the creditor in payment of a debt by the vendor, is, when the transaction is drawn

into question by another creditor, a badge of fraud going to the fact of sale and the sufficiency of the consideration, casting upon the purchaser the *onus* of explaining the vendor's continued possession, so as to make that fact consist with *bona fides* of the sale." *Ullman v. Myrick*, 93 Ala. 537. As suggested in argument by counsel, the continued possession indicates a continuance of interest in the goods sold in the vendor, so also does his presence, and handling the goods sold, in a place occupied by those who exercise the rights of ownership over them, indicate a continuance of interest in them. The difference between such case, and an actual retention of possession, is not in principle, but only in degree. The difference is that mere presence behind the counter and handling the goods after the alleged sale is the more readily explained, but in the absence of all explanation the presumption must be the same, even as is the principle. As stated by Mr. Bump in his work on Fraudulent Conveyances: "The possession of the vendee must be continuous. There must be, not only a delivery, but a continuing possession. It is the policy and very foundation of the rule to prevent what is the object of fraudulent conveyances, to secure the beneficial use of the property by the debtor." Bump. on Fraud. Con. (2d ed.), p. 133; Wait on Fraud. Conv., § 237.

"Where the law casts the burden of proof upon a party, if he does not offer evidence of the fact for all the purposes of the particular case, the non-existence of the fact must be presumed."—*Lehman Bros. v. Mc-Queen*, 65 Ala. 572.

The law casts upon appellee the burden of explaining the presence of Satterwhite behind the counter and his handling the goods sold. Failing to offer any evidence, it must be presumed that the interest of the vendor in the goods sold, indicated by his action, continued to exist, notwithstanding the assumed sale. See also *P. & M. Bank v. Borland*, 5 Ala. 531; *Mayer v. Clark*, 40 Ala. 259. So far as is disclosed by the record, there was nothing that tended to weaken the sheriff's testimony, or that would justify a jury in ignoring it.—*Wilk v.*

*Key, Simmons & Co.,* 117 Ala. 289. We repeat that we are clearly of the opinion that the great preponderance of the evidence was against the finding of the jury, and that the verdict was contrary to the evidence, and our conclusion is that the court erred in refusing to grant the motion for a new trial.

The judgment will be reversed and the cause remanded.