# Jordan *v.* Rice, *et al.*

## *Claim Suit.*

(Decided May 1, 1907. 44 South. 93.)

1. *Garnishment; Trial; Jury Question.*—Under the evidence in this case it was a question for the jury as to whether or not the garnishment was served before or after the assignment of the money to the claimant.

2. *Same; Evidence; Admissibility.*—On the issue as to whteher the priority of the garnishment over an assignment of claimant was affected by the rendition of a judgment in favor of the debtor in another action, it was proper to show by the clerk of the court in

which the judgment in favor of the debtor was rendered that the trial was begun on the 8th of October and concluded on the 9th and that it was his custom to date judgments entered by him as of the day when the trial was commenced.

3 *Fraudulent Conveyances; Transfer; Knowledge of Insolvency.*— If the claimant had notice or knew of the insolvency of the person transferring the money to him, before parting with any consideration for the transfer, the transaction was fraudulent and void as to a creditor.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

M. C. Jordan sued one Moore for a debt and procured garnishment to issue to the Nashville, Chattanooga & St. Louis Railway against whom Moore had recovered judgment. Thomas C. Rice and two others claimed the fund garnished, and filed the affidavit and bond as required by the statute. There was judgment for the claimant, and plaintiff appeals. Reversed as to the claimant Rice and affirmed as to the other claimants.

Moore sued the Nashville, Chattanooga & St. Louis Railroad Company for damages, and recovered judgment on the 9th day of October. Soon after the recovery of the judgment, Jordan and others garnished the railroad, and brought suit against Moore for a debt due by him to them. Soon after the trial, but whether before or after the service of the garnishment is in dispute, he transferred his interest in the judgment to Rice. Rice filed claim to one-third of the judgment under the transfer, and John A. Lusk filed claim to another third under contract for contingent fee for a successful prosecution of the case, and McCord & McCord filed claim for one-third of the judgment under a similar contract for a contingent fee. The other facts sufficiently appear in the opinion of the court. Each claimant had judgment, and plaintiff appeals.

STREET & ISBELL, for appellant.—The agreement of counsel was confessedly void for champerty and the jury

[Jordan v. Rice, et al.]

could not look to the agreement in fixing the quantam meruit.—*Holloway v. Love,* 1 Ala. 246; *Elliott v. Mc-Clellan,* 17 Ala. 210; 5 A. & E. Ency. of Law, 828. If before parting with the consideration Rice became cognizant of all the facts and of Moore's insolvency, the transfer as to the creditors was void and charges 2 to 7 should have been given.—*Benedick v. Renfroe,* 75 Ala. 121; *McDermott v. Eborn,* 90 Ala. 258; *Hayes v. West-cott,* 91 Ala. 131; Section 2150, Code 1896, and cases cited. In order to settle priorities, the testimony of the clerk was clearly competent.—*German Bank v. Campbell,* 99 Ala. 249; *Miller v. Hampton,* 37 Ala. 342; *Robbins v. Webb,* 68 Ala. 393.

E. O. McCord, and John A. Lusk, for appellee.—No brief came to the Reporter.

DOWDELL, J.—This is a trial of the right of property under the statute. The issues were made up under the direction of the court. There were three separate and distinct claimants to the fund in question, each claiming a one-third interest in the same. A verdict and judgment was rendered in favor of the claimants.

Two of the claimants, John A. Lusk and McCord & McCord, the latter a firm or partnership composed of E. O. McCord and Leon McCord, asserted claim each to a third of the fund in question as and for attorney's fees for services rendered as such to the principal debtor in the case. It was shown in evidence that the claimant John A. Lusk and the claimant McCord & McCord each had a contract with the defendant debtor, Moore, for one-third of the recovery of the judgment for the said Moore against the railroad company, which said judgment was for the fund here in question. Under this evidence, charge 1, requested by the plaintiff, was properly refused.

The claim of the claimant Rice was based upon an alleged transfer by the defendant debtor, Moore, to the said Rice. It was a disputed question as to whether the transfer to Rice was prior in point of time to the service of the writ of garnishment on the garnishee railroad company. There was evidence tending to show that the garnishment was served on the garnishee railroad company in about 10 minutes after the return of the verdict of the jury in favor of Moore against said railroad company. There was evidence on the part of claimant Rice that the transfer to him by the said Moore was made within a short time after the return of said verdict. Under this evidence, priority was a question of fact for the determination of the jury. The judgment on the verdict bore date of October 8, 1903. The affidavit and writ of garnishment bore date of October 9, 1903. Under this state of the evidence it was permissible for the plaintiff to show by the clerk of the court that the trial of the case of Moore against the railroad company, in which the judgment was recovered, was commenced on the 8th of October and concluded on the following day, the 9th, when the verdict was rendered, and that it was his custom always in writing up the judgments of the court, when a trial consumed more than one day, to date the judgment of the day of commencement of the trial.—*German Bank v. Campbell*, 99 Ala. 249, 12 South. 436, 42 Am. St. Rep. 55; *Miller v. Hampton*, 37 Ala. 342; *Robbins v. Webb*, 68 Ala. 393.

There was evidence tending to show that Moore was indebted and had no property with which to pay his debts, or subject to the payment of debts, other than the judgment in question against the railroad company. If the claimant Rice, before parting with any consideration for the alleged transfer by Moore to him of a

[Phillips v. Phillips.]

third interest in said judgment, had notice or knowl-
edge of Moore's indebtedness to the plaintiffs and of
Moore's insolvent condition, then, in such event, the
transfer to Rice would be fraudulent and void as to the
plaintiff creditor.

For the errors pointed out, the judgment must be re-
versed as to the claimant Rice, and affirmed as to claim-
ants John A. Lusk and McCord & McCord.

Reversed in part, and remanded.  Affirmed in part.

TYSON, C. J., and ANDERSON and MCCLELLAN, JJ.,
concur.