# Montgomery-Moore Manufacturing Co. v. Leith.

### Trial of Right of Property.

(Decided June 10, 1909.   50 South. 210.)

1. *Appeal and Error; Time of Taking Appeal; Effect of Subsequent Statute.*—The right to take an appeal within one year from the rendition of a judgment as given by section 436, Code 1896, continues as to a judgment rendered prior to the going into effect of the Code of 1907, as section 10 thereof provides that the Code should not affect any existing right or remedy, although section 2868, Code 1907, requires an appeal to be taken within six months.

2. *Same; Harmless Error; Exclusion of Evidence.*—Where the evidence excluded was immaterial and would not affect the result one way or the other, it is harmless error to exclude it.

3. *Same; Admission of Evidence.*—Where the answer was in the negative it was not error to overrule an objection to a question as to whether the seller of goods had stated that he was selling too cheap and that it was wrong to beat his creditors, the issue being whether a sale of merchandise was a fraud on creditors.

4. *Same; Erroneous Instruction.*—It is not grounds for a reversal to give charges merely misleading in their tendencies, the obligation resting upon the other side to ask explanatory charges.

5. *Depositions; Irresponsive Answers.*—Answers not responsive to interrogatories should be excluded although no objection is filed to the interrogatories.

6. *Witnesses; Recollections; Knowledge of Facts.*—The statement by a seller of merchandise that he supposed he owed something like

[Montgomery-Moore Manufacturing Co. v. Leith.]

a stated amount, was a statement of his best recollection as to the amount of his indebtedness, and was admissible as such.

7. *Evidence; Declarations of Agent; Admissions.*—Where an agent was charged with the duty of going to a third person and buying merchandise and bringing it to the stores of his principal, his declarations made as to the ownership of the goods while in the act of bringing them to the store, was admissible.

8. *Same; Opinion Evidence.*—One may testify as to the value of cattle although without any expert knowledge on the subject.

9. *Same; Res Gestae.*—Where the issue was trial of right of property all that was said and done at the time of the levy is competent as a part of the res gestae.

10. *Witnesses; Examination; Leading Questions.*—Whether or not it will permit leading questions rests largely in the discretion of the trial court.

11. *Fraudulent Conveyances; Evidence.*—On the issue as to whether a sale of merchandise was a fraud on creditors, the seller might be asked what per cent of the invoice price the stock would be worth in the condition they were in at the time of the purchase, he having testified that the invoice had been taken at the wholesale cost, and that he had agreed to take the goods at that amount.

12. *Same.*—The issue being, whether the sale of merchandise was a fraud on creditors, it is competent to ask the buyer how much goods he was carrying at the time of the sale as shedding light on the good faith of the transaction.

13. *Same.*—In the absence of proof that the stock of merchandise sold was a remnant stock of goods, it was not competent to show the value of a remnant stock of goods.

14. *Same.*—Where there was evidence that the goods were worth about $1,400.00 at the place of sale and there was evidence that the goods in the store of the buyer were worth only about $600.00, it was competent to show how much the goods were reduced in value by the way in which they were moved to the store.

15. *Same; Burden of Proof.*—A creditor of a seller, attacking a sale made on a valuable consideration, because fraudulently must show notice to the buyer of debts or circumstances to elicit inquiry which, if followed up would lead to a knowledge of the existence of debt, and when this is shown, the burden is on the buyer to show an adequate consideration; but the proof of an adequate consideration does not render the sale valid when the buyer had notice either of the insolvency or fraudulent intention of the seller.

16. *Same; Sufficiency of Evidence.*—A charge asserting that fraud sufficient to set aside a sale as fraudulent as against creditors must be proved by clear and satisfactory evidence, and that where a transaction is susceptible fairly of two constructions, the one which will support the sale will be adopted, requires a too high degree of proof, and is erroneous.

17. *Same; Instruction.*—One solvent may be guilty of a fraudulent intent in converting his property into money so as to put it beyond the reach of his creditors and hence an instruction which predicates the invalidity of a sale on the insolvency of the seller, and notice thereof to the buyer, is erroneous.

[Montgomery-Moore Manufacturing Co. v. Leith.]

18. *Same.*—A charge which makes the validity of a sale attacked as a fraud on creditors depend on the facts that the buyer had no notice of the insolvency of the seller, though he had notice of the fraudulent intent is erroneous.

19. *Charge of Court; Applicability to Evidence.*—An instruction in accordance with the evidence is not grounds of reversal although the court might not have been required to give it.

20. *Same; Abstract Instructions.*—The court is never in error in refusing abstract instructions.

21. *Same; Invading Province of Jury.*—Where the issue is whether the sale of merchandise was a fraud on creditors a charge asserting that if the jury believe the evidence, they must find that the seller made the sale with the intent to convert the property into money and place it beyond the reach of his creditors, was properly refused as invading the province of the jury.

22. *Same; Applicability to Evidence.*—Where there was no evidence that the buyer had access to the books of the seller before or at the time of the purchase, a charge asserting that if the buyer had access to the books, and could have ascertained from them that the seller was in debt, and he failed to inspect them, he was chargeable with notice of the indebtedness, was inapplicable to the evidence and properly refused.

23. *Same; Assuming Facts.*—An instruction which assumes as a fact things which must be found by the jury, is properly refused.

24. *Same; Singling Out Portions of the Evidence.*—Charges which single out portions of the evidence and require a separate finding thereon are erroneous.

25. *Fraudulent Conveyances; Intent of Grantee; Constructive Notice.*—The fact that a buyer paid for a stock of merchandise a price greatly disproportionate to its value is sufficient to excite his suspicions as to the bona fide intent of the seller, and if the buyer could by proper inquiry ascertain that the seller intended to convert his property into money and thus put it beyond the reach of his creditors, the sale was fraudulent.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Trial of right of property between the Montgomery Moore Manufacturing Company and G. S. Leith, claimant. From a judgment for claimant, plaintiff appeals. Reversed and remanded.

The following charges were refused to the plaintiff:

"(1) The court charges the jury that if they believe from the evidence in this case that McCutchen told Adams, before Adams turned over the money to Mc-

Cutchen, that he (McCutchen) was selling his property too cheap, and could not pay his creditors, and that it was wrong to treat them that way, then this would be notice to Leeth, and the sale would be void, and their verdict should be for the plaintiff.

"(2) The court charges the jury that if they believe the evidence in this case they must find that at the time of the sale to Leeth that the defendants made such sale with the purpose and intent to convert their property into money and place it beyond the reach of their creditors.

"(3) The court charges the jury that if the claimant, Leeth, had access to the books of McCutchen & Son, and could have, by examining said books, ascertained that McCutchen & Son were in debt, and he failed to inspect the books, and acquire such information, then Leeth would be chargeable with the notice of such indebtedness.

"(4) The court charges the jury that if they believe the evidence in this case they must find that the defendants McCutchen & Son were insolvent on January 8, 1907."

"(6) The court charges the jury that if Leeth knew of or participated in the fraudulent intent of McCutchen & Son, or was in possession of such facts and circumstances as should have excited his suspicion and put him on inquiry, which, if followed up, would have brought knowledge to him of such fraudulent intent, then he is chargeable with notice, and you should find the issues in favor of the plaintiff.

"(7) The court charges the jury that if they believe the evidence in this case, and you are reasonably satisfied from the evidence that McCutchen told Leeth, before he paid for the property, that McCutchen & Son owed debts which they could not pay, you should find the issues in favor of the plaintiff.

"(8) The court charges the jury that if you are reasonably satisfied on the evidence in this case that the price paid by Leeth to McCutchen, or McCutchen & Son, was greatly disproportionate to the value of the property that he obtained from said McCutchen, or from McCutchen & Son, then I charge you that this fact was sufficient to have excited Leeth's suspicion as to the bona fide intent of said McCutchen & Son; and. if Leeth could have, on proper investigation and inquiry, diligently pursued, ascertained that it was the purpose and intent of said McCutchen & Son to convert their property into money so as to put it beyond the reach of their creditors, then under the law said sale is fraudulent and void as to such creditors, and it would be your duty to so declare, and to return a verdict for the plaintiff."

The following charges were given at the request of the claimant:

"(1) The court charges the jury that fraud is never presumed, but must be proven by the party asserting it, and it will not be imputed when the facts and circumstances from which it is supposed to arise may reasonably consist with honest intention.

"(2) The court charges the jury that the payment by the claimant to the defendants McCutchen & Son was a vaduable consideration, and that the burden was cast upon the plaintiff to prove the existence of a fraudulent intent, and that such fraudulent intent was known to the said claimant at the time of his purchase.

"(3) The court charges the jury that there is no evidence in this case that the books of McCutchen & Son contained a single account of any of their indebtedness.

"(4) The court charges the jury that fraud must be proved by clear and satisfactory evidence, and, when a transaction is susceptible fairly of two constructions,

the one which will support and free it from the imputation of impurity of intention will be adopted.

"(5) The court charges that if you believe from all the evidence in this cause that the defendants, McCutchen & Son were insolvent at the time of the sale of the goods in controversy to Leeth, the claimant, still, if they further believe from all the evidence in this cause that the said Leeth paid a reasonably fair price for the same in cash at the time of his said purchase (if they believe he did purchase them) without any such knowledge of their insolvency, and without such information as reasonably to put him on inquiry, then the said purchase is valid, and your verdict must be for said Leeth, no matter how fraudulent was the intent of said McCutchen & Son, the defendants.

("6) The court charges the jury that if you find from the evidence the claimant gave a fair, adequate consideration for the property in controversy, then I charge you that the burden of proof is on the plaintiff to show a fraudulent intent on the part of the defendants McCutchen & Son in making said sale, and knowledge on part of claimant of that intent, or of facts sufficient to charge him with the notice of the financial insolvency on the part of said McCutchen & Son; and if, on consideration of all the evidence, both of these facts have not been established to your reasonable satisfaction, your verdict must be for the claimant."

BROWN & KYLE, for appellant.   The appeal should not be dismissed.—*Bradford v. Barclay,* 42 Ala. 375; *Ivey v. Gloom,* 53 Ala. 174; *Martin v. Martin,* 35 Ala. 560; Sec. 10, Code 1907.   To give section 2868, Code 1907, the interpretation contended for by appellee, would have the effect of barring the appeal more than a month before said section became operative and would

render it unconstitutional.—25 Cyc. 994; *Show v. Watterson,* 17 Wall. The right of appeal is a matter of right.—Sec. 2837, Code 1907. When a merchant sells his entire stock and property at a reduced price, at a time when he is indebted and the transfer is assailed as fraudulent on creditors, the burden is put on the purchaser to show by clear and satisfactory proof that the transfer was characterized by good faith and free from all intent to hinder, delay or defraud. The mere fact that the debtor was solvent and the fact that the purchaser paid a valuable consideration for the property, does not change the rule.—*Teague v. Bass,* 131 Ala. 426. Notice sufficient to put one on inquiry, is notice of all that such inquiry will naturally lead to.—*Commercial Bank v. Lee,* 99 Ala. 496; *Carter v. O'Brien,* 105 Ala. 316; *Beale v. Lehamn-Durr Co.,* 110 Ala. 450; *Teague v. Bass, supra.* If Leeth, or Adams, while acting within the scope of his authority had notice or knowledge of McCutchen's indebtedness or insolvency, or of his intent to convert his property into money and leave the state, the transfer is fraudulent and void.—*Jordan v. Wright,* 44 South. 92. Notice to an agent while acting within the scope of his agency is notice to the principal.—*1st Nat. Bank v. Allen,* 100 Ala. 483; *Wheeler v. McGuire,* 86 Ala. 406. On these authorities the charges requested should have been given.

F. E. St. John, and George H. Parker, for appellee. Counsel discuss the exceptions to evidence, but without citation of authority. The court properly refused charge 1, which singled out and gave undue prominence to testimony.—*King v. The State,* 120 Ala. 329. A charge limiting the examination of the jury to a part only of the evidence to the exclusion of other ma-

terial evidence in the case may be properly refused.—
*Darnell v. Griffin,* 46 Ala. 520; *Jordan v. The State*
52 Ala. 188; *Buchanan v. The State,* 55 Ala. 153; *Ham-
mett v. Brown,* 60 Ala. 498. Adam's employment was
not such as to charge his principal with notice.—*Bir.
T. & S. Bank v. La. Nat. Bank,* 99 Ala. 398. Counsel
discuss other charges refused to plaintiff but without
citation of authority. Charge 2 given for claimant
was correct.—*Pickett v. Pipkin,* 64 Ala. 520. Charge
4 was correct.—*Caldwell v. Mitchell,* 61 Ala. 270.

SIMPSON, J.—The judgment in this case was ren-
dered on September 23, 1907, and the appeal was taken
August 28, 1908.

A motion is made to dismiss the appeal because sec-
tion 2868 of the Code of 1907, which went into effect
on May 1, 1908, provides that appeals shall be taken
within six months from the rendition of the judgment
or decree. We hold that section 10 of the Code of 1907
preserves the right of appeal for the one year provided
by section 436 of the Code of 1896. Said section 10
provides that: "This Code shall not affect any existing
right, remedy or defense, * * * as to all such cases the
laws in force at the adoption of this Code shall continue
in force."—*Poull Co. v. Foy-Hays Const. Co.,* 159 Ala.
453, 48 South. 785. The motion to dismiss the appeal is
overruled.

This action is a trial of the right of property. The
appellant, as plaintiff, sued out a writ of attachment
against P. S. McCutchen & Son, levying the same on a
stock of merchandise and other personal property which
had belonged to the defendant, but which, at the time
of the levy, were in the possession of appellee's agent,
being removed from Baileyton, Ala., where defendant
had been doing business, to Cullman, Ala., where said

appellee was doing business. Appellee thereupon interposed his claim to the property, executed bond, and took possession of the property. The insistence of plaintiff is that said McCutchen & Son were in failing circumstances, which was known to the claimant, that the stock of goods was bought for an amount greatly less than its real value, and that said sale was fraudulent and void as to the creditors of said McCutchen & Son; the plaintiff being one of said creditors. The plaintiff took the deposition of P. S. McCutchen, and the seventh interrogatory to said witness was: "Do you think it is wrong for a man to buy goods from a wholesale merchant, and then sell them with the purpose and intention of not paying for them, and then put the money in his pockets, without paying for them?" The witness, for answer to this interrogatory, said: "I never bought the goods with such intention. I never bought them with that intention." Before offering any part of the deposition, the plaintiff objected to this answer as not being responsive to his interrogatory, and moved to expunge it from the deposition, which motion was overruled, and the answer was read to the jury. As no objection was offered to the interrogatory, and the answer was not responsive to the interrogatory, it should have been excluded.

The eighth interrogatory to said witness asked, "What was the indebtedness of the defendants P. S. McCutchen & Son, on the 8th day of January, 1907?" and the answer was, "I suppose we owed something like from $1,200 to $1,400." The claimant moved to exclude said answer, and the court sustained the motion and expunged said answer from the deposition. This was error. This was not a "mere supposition or guess," but was a statement of the witness's best recollection of the amount of indebtedness, not having the books be-

fore him, and this is particularly true, as the witness went on to state the several amounts which they owed to various creditors.

The tenth interrogatory is not set out in full; but the court, on motion of the claimant, excluded from the jury the answer to a part of it, to wit: "I asked them when they drove up if Leeth was coming, and they said he was not." This was immaterial and could not affect the case one way or the other. Hence there was no reversible error in excluding it. There was no error in sustaining the objection to the question to the witness Whaley (referring to Mr. Leeth, as he was taking the goods into his store), "Did he appear to be mad?" as it was leading, and it was not material to the issue.

The court erred in sustaining the objection to the question to the witness Whaley, as to whether he heard Adams say anything about the ownership of the goods. It was proved and not denied that Adams was the agent of Leeth, charged with the duty of going to the defendants, buying the goods and, bringing them to Leith's store, and he was then in the act of bringing them. His declarations as to the ownership of the goods were competent.

There was no error in overruling the objection to the question to the witness Leeth (claimant), "What per cent. of the invoice price would the stock of goods be worth, in the condition it was when you purchased it?" The witness had just stated that the invoice had been made at wholesale cost, and he had agreed to take the goods at that, and the invoice was, immediately thereafter, introduced.

The question to the witness Leeth (the claimant) as to how much goods he was carrying at the time may have been relevant as to the bona fides of the transaction, and should be allowed on another trial.

The objections to the questions to the witnesses Kinney and Vandiver, as to what a remnant stock of goods would be worth, should have been sustained, as there was no proof that the stock purchased was a remnant stock.

There was no error in overruling the objections to the questions to the witnesses Adams and Drake as to the value of the cattle, as it required no expert knowledge to answer said questions.

There was no error in overruling the objection to the question to the witness Vandiver as to how much the goods were reduced in value by the manner in which they were moved from Baileyton to Cullman. The plaintiff had introduced evidence tending to show that the goods were worth $1,400 or $1,500 at Baileyton, and the witness Copeland had testified that he had invoiced the goods after they were in Leeth's store in Cullman, that they were in bad condition, etc., and worth only $630, also that if they were in good condition at Baileyton they would be worth $1,200. Hence it was proper to show how much they were reduced in value by the move, so as to throw light on the real value of the goods before they left Baileyton.

The matter of permitting leading questions is largely in the discretion of the trial court. Referring to the question by claimant to the witness Adams: "Did Mr. McCutchen tell you that he was selling his goods too cheap, and that he was thinking of backing out, and that it was wrong to beat his creditors that way"— there was no motion to exclude the answer, and it was a mere negative. There was no error in overruling the objection to the question.

As to the question, to the witness Allgood, as to what occurred at the time the levy was made, while the court was not informed as to what additional facts were

expected to be brought out, yet we remark, for the guidance of the court in another trial, that the plaintiff is entitled to the benefit of proof, of all that was said and done at the time of the levy, as a part of the res gestæ

Charge 1 requested by the plaintiff was properly refused, as being abstract. There was no evidence that the expression therein recited was used. One witness was asked if that expression was used, and replied that he could not say that that was said, but that something like that was said. Another witness denied it.

Charge 2 requested by the plaintiff was an invasion of the province of the jury, and properly refused.

Charge 3 was properly refused. There was no evidence tending to show that Leeth had access to the books of McCutchen & Son before or at the time of making the purchase.

There was no error in refusing charge 4 requested by the plaintiff, as it was singling out a portion of the evidence and requiring a separate finding on that fact.

Charge 6 requested by the plaintiff was properly refused. It assumed the fraudulent intent of McCutchen & Son, which was a matter for the jury to find.

Charge 8, should have been given.—*Teague, Barnett & Co. v. Bass,* 131 Ala. 423, 427, 31 South. 4; *Carter v. O'Bryan Bros.,* 105 Ala. 305, 316, 16 South. 894; *Smith v. Collins & Griffith,* 94 Ala. 394, 399, 404, 10 South 334; *Carter Bros. & Co. v. Coleman,* 82 Ala. 178, 182, 2 South. 354; *Jordan v. Rice,* 151 Ala. 523, 44 South. 93, 94.

There was no error in the refusal of the court to give charge 7 requested by the plaintiff. While it is true that there is evidence tending to show the fraudulent character of the sale on the part of McCutchen & Son, and it is also true that if McCutchen told Leeth,

before he paid for the property, that McCutchen & Son owed debts which they could not pay, this would be sufficient to put Leeth on inquiry, yet it is not proper to single out this item of evidence from all the others, and instruct the jury to find for the plaintiff, on that alone.

While charge 1, given at the request of the claimant, may have been misleading, yet it does not contain such error as to be reversible.

The court erred in giving charge 2 at the request of the claimant.

The rule is that: "If made upon a valuable consideration, the attacking creditor must go further and show notice to the grantee of *the existence of other debts, or circumstances sufficient to elicit inquiry* (italics ours), and which, if followed up, would lead to knowledge of their existence. When this is shown, then the burden is upon the grantee to show an adequate consideration—one reasonably equivalent to the value of the goods." And even the payment of an adequate consideration would not render the purchase valid, if the purchaser had notice of the insolvent condition or fraudulent intent of the vendor.—*Chipman v. Glennon*, 98 Ala. 263, 265, 13 South. 822, 823; *Smith v. Collins & Griffith*, 94 Ala. 394, 403 10 South. 334.

While the court could not be required to give such a charge as charge 3, yet it is in accordance with the evidence, and the court cannot be put in error for giving it.

Charge 4 given at the request of the claimant is erroneous in requiring too high a degree of proof in order to satisfy the jury.

Charge 5 given at the request of the claimant is erroneous, in that it predicates the invalidity of the deed entirely on the insolvency of the defendants, and knowl-

[Weinstein v. Yielding Bros. & Co.]

edge thereof; whereas, one who is entirely solvent may be guilty of a fraudulent intent in converting his property into money for the purpose of putting it beyond the reach of his creditors.—*Teague, Barnett & Co. v. Bass,* 131 Ala. 427, 31 South. 4.

Charge 6 is subject to the same criticism, in that it makes the deed valid if the claimant had no notice of the insolvency of defendants, although he might have had notice of their fraudulent intent.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.