(95 South. 166)

SUTTERER et al. v. MORRIS FERTILIZER CO. (6 Div. 802.)

(Supreme Court of Alabama. Jan. 11, 1923. Rehearing Denied Feb. 1, 1923.)

Fraudulent conveyances ⊙⇒261—Bill alleging actual fraudulent intent need not allege debtor was insolvent.

Where the bill alleges that the conveyance was made with an actual intent to hinder and defraud creditors of the grantor, the insolvency of the grantor is not essential, and the bill is not demurrable for failure to allege it.

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

Bill by the Morris Fertilizer Company against John F. Sutterer and others. From a decree overruling demurrer to the bill, respondents appeal. Affirmed.

F. E. St. John, of Cullman, for appellants.

The bill fails to aver that the debtor is insolvent, and is without equity. 155 Ala. 474, 46 South. 763; 93 Ala. 97, 97 South. 548; 96 Ala. 172, 11 South. 385.

Wm. E. James, of Cullman, for appellee.

A solvent debtor, as well as one who is insolvent, may be guilty of fraudulent intent

in the sale of his property. 110 Ala. 446, 18 South. 230; 192 Ala. 261, 68 South. 326.

GARDNER, J. Bill by appellee as a creditor of John F. Sutterer to set aside certain conveyances executed by the debtor as fraudulent and void as against the complainant—a then existing creditor. The general demurrer that the bill was without equity was interposed to the bill in its several aspects, which demurrer was overruled, and from which decree respondents prosecute this appeal.

The conveyances are sought to be avoided upon two theories: The first, that they were voluntary conveyances, and the recited consideration false and fictitious. The sufficiency of the bill in this aspect is not questioned. The second theory, that the property conveyed was of value far in excess of any consideration actually paid, and that the conveyances were executed for the express purpose of hindering, delaying, and defrauding complainant in the collection of its debt, which purpose was known to said grantees.

The equity of this feature of the bill is attacked upon the sole ground that there is no averment that the debtor, John F. Sutterer, was insolvent at the time of the execution of such conveyances. Under such averments of actual fraudulent intent, the insolvency of the debtor is not essential, as has been frequently decided by this court, and we content ourselves with a citation of a few of the authorities. Teague v. Bass, 131 Ala. 422, 31 South. 4; Beall v. Lehman-Durr & Co., 110 Ala. 446, 18 South. 230; Tyson v. Southern Cotton Oil Co., 181 Ala. 256, 61 South. 278; Montgomery, etc., Mfg. Co. v. Leith, 162 Ala. 246, 50 South. 210; London v. Anderson Brass Works, 197 Ala. 16, 72 South. 359.

The decree overruling the demurrer is correct, and will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.