(110 So. 468)

## McGREGOR v. ALABAMA BANK.
### (6 Div. 528.)

(Supreme Court of Alabama. Nov. 26, 1926.)

**1. Fraudulent conveyances ⚖⇒225—Creditor may attack debtor's transfer to another of claim against insolvent corporation, though failing to object to allowance of claim at hearing before register.**

Creditor of insolvent corporation, which did not object to allowance of claim of another creditor at hearing before register or on hearing of register's report before court, *held* not estopped from subsequently attacking allowance, on ground that it had been fraudulently transferred to claimant, since all decisions were in fieri until decree making final disposition of cause.

**2. Corporations ⚖⇒565(1)—Claim against insolvent corporation for profit claimant would have made if minority stockholders had not prevented sale to him held properly disallowed (Code 1923, § 7036).**

Claim against fund for distribution to creditors of insolvent corporation, for amount of profit claimant would have made if minority stockholders had not prevented sale to him by virtue of Code 1923, § 7036, *held* properly disallowed, being without consideration.

**3. Appeal and error ⚖⇒1119—Supreme Court cannot adjudicate claim against one not party to appeal.**

Supreme Court is without authority to adjudicate claim against one not party to appeal.

**4. Fraudulent conveyances ⚖⇒300(1)—Transferee of claim against insolvent corporation held not to have sustained burden of showing that he paid adequate consideration therefor.**

Transferee of claim against fund for distribution to creditors of insolvent corporation *held* not to have sustained burden of showing that he paid adequate consideration for transfer of claim.

**5. Fraudulent conveyances ⚖⇒9—Solvent debtor may be guilty of fraudulent intent in disposing of property of which creditors may avail themselves.**

Debtor, though possessed of ample means to settle all demands against him, may be guilty of fraudulent intent in disposing of property of which creditors may avail themselves.

**6. Fraudulent conveyances ⚖⇒277(1)—Transferee of claim against insolvent corporation held to have burden to show valuable consideration for transfer.**

Transferee of claim against insolvent corporation *held* to have burden to show valuable consideration for transfer, in view of debt of transferor and corporation which antedated transfer.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Petition of the Alabama Bank for payment to it of funds allowed to A. S. McGregor in a cause in equity between Stephen Allsopp and others against the Edgewood Amusement Company, McGregor, and others. From a decree for the petitioner, defendant McGregor appeals. Affirmed.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

The mere fact that a grantor is indebted does not preclude him from conveying his property for a valuable consideration. 27 C. J. 497. Fraud, when alleged, must be clearly and satisfactorily proved. Southern R. Co. v. Arnold, 162 Ala. 570, 50 So. 293. A sale is not in fraud of creditors, where there is no secrecy and purchaser has no knowledge that the seller is insolvent nor information to put him on inquiry. Simmons v. Shelton, 112 Ala. 284, 21 So. 309, 57 Am. St. Rep. 39; Allen v. Riddle, 141 Ala. 621, 37 So. 680. The burden of proof is on him who attacks a conveyance for fraud, and the fact of relationship between grantor and grantee does not shift the burden. 2 Pomeroy's Eq. Jur. § 858. Guilmartin v. Urquhart, 82 Ala. 570, 1 So. 897; London v. Anderson Brass Wks., 197 Ala. 16, 72 So. 359. If the proof is uncertain in any material respect, it will be held insufficient. Hertzler v. Stevens, 119 Ala. 333, 24 So. 521; 7 Mayfield's Dig. 189; Wooddy v. Matthews, 194 Ala. 390, 69 So. 607; Berry v. Sowell, 72 Ala. 17; Alexander v. Caldwell, 55 Ala. 517.

Black & Fort and J. C. Burton, all of Birmingham, for appellee.

A debtor, although able to satisfy all demands against him, may be guilty of fraudulent intent in the sale of his property; and his vendee, who purchases with knowledge or notice to put him on inquiry, will not be protected. Carter v. O'Bryan, 105 Ala. 305, 16 So. 894; Teague v. Bass, 131 Ala. 422, 31 So. 4; Beall v. Lehman-Durr, 110 Ala. 446, 18 So. 230. Where the attacking creditor shows that his debt antedates the conveyance, the grantee must show that he paid a substantial consideration. London v. Anderson Brass Wks., 197 Ala. 16, 72 So. 359; Boutwell v. Spurlin, 203 Ala. 482, 83 So. 482; Smith v. McAdams, 207 Ala. 118, 92 So. 411. A transaction between relatives is a suspicious circumstance, which may color the particular transaction. Moog v. Farley, 79 Ala. 246; Calhoun v. Hannan, 87 Ala. 277, 6 So. 291; Robinson v. Moseley, 93 Ala. 70, 9 So. 372; Pyron v. Lemon, 67 Ala. 458; Harrell v. Mitchell, 61 Ala. 270. Where no exception is made to the register's report, nor objection raised to confirmation in the court below, the same cannot be raised for the first time on appeal. Gerald v. Miller, 21 Ala. 433; Taunton v. McInnish, 46 Ala. 619; Engle v. Bronaugh, 208 Ala. 162, 93 So. 868.

SAYRE, J. On the dissolution of an insolvent corporation, the Edgewood Amusement

---

Company, and the distribution of its assets among creditors in the circuit court, in equity, it was decreed that a dividend to the amount of $1,426.01 claimed by appellant A. S. McGregor out of the insolvent estate, and previously allowed by the court in confirmation of the register's report, had been transferred to said A. S. McGregor by G. M. McGregor in fraud of the Alabama Bank, a creditor of G. M. McGregor and the corporation, and that the dividend due on the claim be paid to the bank. A. S. McGregor appeals.

[1] Appellant insists for one thing that the bank was not properly allowed to raise the issue of fraud in the transfer of the claim in question, for the reason that it made no objection to appellant's claim at the hearing before the register or when the register's report came on to be heard before the court. We discover no element of estoppel, and all decisions were in fieri until the decree making a final disposition of the cause. It was within the power of the court to allow the filing of the petition in which the bank contested the transfer to appellant. The effect of the decree subsequently rendered was to set aside the decree by which appellant's claim had been allowed, to declare the invalidity of the transfer as against creditors, and to direct payment of the disputed dividend to the bank in payment, or part payment, of its claim against the estate of the insolvent corporation.

[2] On October 7, 1924, the bill in this cause was filed. At that time, it is conceded by the parties, the corporation was indebted to R. R. Rochell in the sum of $7,134.34, G. M. McGregor and R. R. Rochell owned a majority of the stock of the corporation and had been in control of its affairs. They had agreed to a sale of their stock and all the corporate property to appellant A. S. McGregor for the sum of $16,000. This sale was conditioned upon its ratification by the directors and stockholders "in the manner provided by law," meaning, as we infer, that the sale should be authorized by two-thirds of the directors and by four-fifths in value of the stockholders. Code, § 7036. Appellant had a purchaser in waiting who had promised to pay him $21,000 for the property. This proposed sale failed of consummation because minority stockholders would not agree and filed the present bill, among other things, to enjoin the sale. Thereupon, the day after the bill was filed, Rochell and G. M. McGregor executed to appellant McGregor their joint note for $5,000 to make good the profit of $5,000 which had been lost to him by the failure of the agreement of sale. Appellant's claim against the corporate property to that amount was disallowed, and we are of the opinion that a statement of the facts is enough to show that his claim to that amount as against the fund for distribution was without consideration and was properly disallowed as a claim in competition with the bona fide creditors of the corporation; i. e., of the fund for distribution.

[3] It appears that appellant also claimed that the dividend on $5,000 should have been decreed to him instead of to R. R. Rochell, to whom it was decreed. It will be observed that the corporation, or the fund held by the court for distribution among its creditors and stockholders, had no interest in this controversy as to the dividend on $5,000 mentioned above. The real controversy as to that was between appellant and Rochell; but Rochell has not been made a party to this appeal, and the court is without authority to adjudicate the claim as against him.

[4] As for the item of $1,426.01, mentioned in the outset, the proposition of the appeal is that there is no proof of the transferor's insolvency or of his intent to defraud, and hence that his transfer of the claims on which the disputed dividends were declared cannot be set aside as made in fraud of creditors of the corporation or of G. M. McGregor.

The amusement company was indebted to the bank in the sum of $7,000. Rochell and G. M. McGregor were indorsers and sureties on the company's note to the bank, G. M. McGregor transferred his claims against the corporation to appellant, and this transfer is the subject of attack in this cause. Out of it arises the contest as to the ownership of the item of $1,426.01.

[5, 6] The evidence has had due consideration. It leaves appellant's case under gravest suspicion in every respect. A debtor, though possessed of ample means to settle all demands against him, may be guilty of a fraudulent intent in disposing of his property of which creditors and others in the situation of the stockholders in this cause may avail themselves. Teague v. Bass, 131 Ala. 427, 31 So. 4; Sutterer v. Morris Fertilizer Co., 208 Ala. 688, 95 So. 166. In this connection it is proper to note the fact that the transaction by which appellant came into the ostensible ownership of the items of claim in controversy was between near relatives, brothers, and that so much of it as put appellant in possession of his claim of $5,000 against corporate property was wholly lacking in valuable consideration moving to the corporation, as of course appellant knew—a circumstance to be considered. But, apart from that, the bank's debt antedated the transfer by G. M. McGregor to appellant. This put upon appellant the burden of showing that he paid a valuable and adequate consideration for the transfer now immediately in question, viz. the transfer of the claim for $1,426.01. Moog v. Farley, 79 Ala. 252; Zelnicker v. Brigham, 74 Ala. 598; Merchant's Bank v. Parrish, 214 Ala. 96, 106 So. 504; London v. Anderson Brass Works, 197 Ala. 16, 72 So. 359. This burden the appellant failed

to sustain, with result that decree went against him.

The decree is affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.