(123 So. 899)

### BREEDING v. RANSOM. (8 Div. 111.)

Supreme Court of Alabama. June 27, 1929.

Rehearing Denied Oct. 17, 1929.

Wert & Hutson, of Decatur, for appellant.

E. W. Godbey, of Decatur, for appellee.

GARDNER, J. This is a general creditors' bill by the trustee in bankruptcy of the estate of L. M. Breeding seeking to have set aside and annulled a mortgage and deed executed by the bankrupt to his brother, E. D. Breeding. From a decree overruling demurrers to the bill as amended, respondent appeals.

The demurrer was interposed to the whole bill, and the assignments thereof, as well as argument of counsel for appellant, appear to rest upon the assumption that the bill seeks only the annulment of the mortgage which antedated the bankrupt's indebtedness. But the bill seeks also to have set aside the deed executed by the bankrupt to respondent February 24, 1922, a copy of which is made exhibit thereto. As to the deed the bill discloses an existing indebtedness at the time, that it was voluntary and without consideration, and by its execution the bankrupt "practically wiped out every vestige of his estate."

▇ The sufficiency of the bill in this respect is well sustained by the authorities, and not challenged by the demurrer. McCrory v. Donald, 192 Ala. 312, 68 So. 306; Seals v. Robinson, 75 Ala. 363; Cartright v. West, 155 Ala. 619, 47 So. 93. "It is a familiar rule of equity pleading that a demurrer to the whole bill specifying grounds of objection to one claim for relief, when more than one is asserted, is not well taken." Kelly v. Carmichael, 217 Ala. 534, 117 So. 67; Lea v. Iron Belt Merc. Co., 119 Ala. 271, 24 So. 28; Thompson v. Brown, 200 Ala. 382, 76 So. 298; Jasper Land Co. v. Manchester Sawmills, 209 Ala. 446, 96 So. 417.

The decree overruling the demurrer was therefore proper.

▇▇ But this question aside, we think the bill sufficient as an attack upon the mortgage. The bill charges the bankrupt in the execution of this mortgage to his brother intended to defraud one J. W. Gilchrist; that the mortgage was executed just one day before the execution of the several notes to said Gilchrist, and after the mortgagor had arranged to execute the same; that the mortgage was without consideration, and intended by both parties to defeat and defraud creditors of said bankrupt, existing and future, and was accepted by respondent for the purpose, and

with the full intent to defeat and defraud creditors of said bankrupt, respondent "knowing all the while that the mortgage professed to secure a debt wholly fictitious and meretricious." We have previously noted the relationship of brother existing between the mortgagor and mortgagee, a circumstance to be considered (McGregor v. Ala. Bank, 215 Ala. 307, 110 So. 468), though it raises no presumption of fraud in aid of pleading. Little v. Sterne & Co., 125 Ala. 609, 27 So. 972.

We recognize the rule that in charging fraud a statement of mere conclusion as that the conveyance is fraudulent or made with intent to defraud will not suffice. Little v. Sterne, supra; McCrory v. Donald, supra; Tyson v. So. Cotton Oil Co., 181 Ala. 256, 61 So. 278.

The bill here, however, is more explicit and states facts in support of the charges of fraud tending to show that the mortgage was executed in anticipation of indebtedness then agreed upon, though the notes were not actually signed until the following day. We conclude that actual fraud is sufficiently averred, and that the bill was not subject to objection in this respect for the statement of fraud by way of a mere conclusion. Pace v. L. & N. R. R. Co., 166 Ala. 519, 52 So. 52; Smith v. Gaines, 210 Ala. 245, 97 So. 739.

It is argued that no injury is shown to have been suffered by the creditors. The injury to creditors arises from the hindrance to the collection of their debts, in that the execution of the conveyance breaks in upon the right to their satisfaction (Seals v. Robinson, supra; Little v. Sterne, supra), though in cases of actual fraudulent intent the insolvency of the debtor is not essential. Sutterer v. Morris Fertilizer Co., 208 Ala. 687, 95 So. 166; McGregor v. Ala. Bank, supra.

Upon consideration of the demurrer and argument of counsel, we find no error in the decree rendered, and it will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.