## KNIGHT'S ADMINISTRATORS vs. VARDEMAN.

1. An inference of fact can only be drawn by the jury; a charge, therefore, which assumes that a conversion is proved, when the evidence only establishes an intention to convert, is erroneous.

APPEAL from the Circuit Court of Tallapoosa.

Tried before the Hon. ROBERT DOUGHERTY.

ASSUMPSIT by Rachel Vardeman against Henry D. Knight's administrators for money had and received by defendants' intestate for the use of the plaintiff. Plea, "the general issue, with leave to give in any special matter." On the trial, the plaintiff offered one Greenlee Holley as a witness, who testified, that he was his mother's surety on certain notes, payable to plaintiff, which had been given for the purchase money of a tract of land; that these notes fell due in January, 1850, and during that month he paid them (amounting to about $384) to said Henry D. Knight, who had them in his possession; that he never heard Knight say anything about being plaintiff's agent, and never heard him say to whom the notes belonged; that when he paid the notes to Knight, the latter said "he had plenty of money to take him to California." The plaintiff also offered one Green Turner as a witness, who testified, "that he saw said Holley pay the money to Knight; that he was speaking about going to California with Knight; that after Holley had left the room, Knight got out some more money from his desk and counted it; Knight then had $400 or $500, and said "he had money enough to go to California, and that the old lady would not need the

money until he could go there and back; that this conversation was had in January, 1850, but no old lady in particular was named." One Mark Boulware, another witness for plaintiff, testified, "that about the first of January, 1850, he and Knight had a conversation, in which Knight told him, that he had some money to collect in a few days from Greenlee Holley, or Mrs. Holley, and that it belonged to Mrs. Vardeman; it was some $300 or $400; plaintiff then lived, and now lives, in Texas; Knight said, he would mail it to her, and take the postmaster's receipt; he was a man who did what he said he would do; he went to California in February, 1850, as well as now recollected, and died on his way there."

This was all the evidence; the defendants offered none; and the court thereupon charged the jury, "that, although the law would require a demand of the money from defendant before suit brought, yet, if they believed the evidence, there was such a conversion of the money by Knight as would supersede the necessity of a demand, and plaintiff was entitled to recover the amount collected, with interest from the date of the writ until the present time." The defendants excepted to this charge, and they now assign it for error.

WHITE & PARSONS, and J. E. BELSER, for appellants, contended that the evidence did not establish a conversion, so as to authorize the court to assume that fact as proved, and therefore the charge was erroneous. They cited Kidd v. King, 5 Ala. 84; Stewart v. Frazier, 5 ib. 114; Goldthwaite v. McWhorter, 5 Stew. & P. 284; Sally's Adm'r v. Capps, 1 Ala. 121; McBroom v. Governor, 6 Porter 32; Johnson v. Collins, 20 Ala. 445; 11 Wheat. 321; 4 Phil. Ev. (C. & H. Notes), pp. 784, 467.

J. FALKNER, contra, cited Stewart v. Frazier, 5 Ala. 114, and Parminter v. Kelly, 18 ib. 717.

LIGON, J.—We do not think the evidence in respect to the conversion by Knight of the money collected of Holley for the appellee, is of that clear and conclusive character which would justify the court in taking it for granted that the fact of conversion was proved. It is true, the jury might infer from the facts proved, that Knight used the money in paying

the expenses of his trip to California; but this would be an inference of one fact from the existence of another, and such an inference can only be drawn by the jury. If the court assumes to draw it, it invades their province and commits an error.—Williams v. Cannon, 9 Ala. 348.

Such, we think, was the case with the Circuit Court in this instance. The payment of the money by Holley to Knight, on account of the appellee, was deposed to by two witnesses, one of whom also testifies to a conversation with Knight which tends to show that he *intended* to use the money thus collected to defray his expenses on a trip to California; but such testimony is by no means *conclusive* to show that he did so use it; and to justify the charge of the court it should be conclusive, and not merely persuasive, of the existence of the fact assumed.—Bradford v. Marbury, 12 Ala. 520. The testimony of Boulware, which was introduced by the plaintiff, goes also to the intentions of Knight as to the disposition he *intended* to make of the money which he was to receive, and did afterwards receive from Holley, on account of Mrs. Vardeman. The intention expressed by him to this witness was, that when he collected the money he would remit it to his principal by mail, and take the postmaster's receipt for the letter containing it; and the witness adds, "he (Knight) was a man of his word, and generally did what he said he intended to do." This evidence tends to show, that the money was sent to the appellee, but is by no means conclusive of it. The jury might place greater reliance on this witness, than on the one who deposed that Knight intimated to him his intention to use the money otherwise. We do not say this should have been done; but the jury certainly had the privilege to do so, and they have the sole right to weigh the evidence which is thus apparently conflicting. Under the charge of the court, this right was taken from them. This was an error, for which the judgment must be reversed.—Gaines v. Harvin, 18 Ala. 491.

Let the judgment be reversed, and the cause remanded.