# Klein *v.* Miller.

*Bill to Set Aside Fraudulent Conveyance.*

1. *Allegations of fraud.*—In a bill by a creditor to set aside a sale made by his insolvent debtor as fraudulent, averments that the sale was made for a pretended antecedent debt of $10,700, which was in whole or in part simulated, and that the real value of the goods sold was $15,000 sufficiently state the facts constituting the alleged fraud.

APPEAL from City Court of Birmingham.

Heard before Hon. H. A. SHARPE.

Vol. 97.

[Klein v. Miller.]

The defendant appeals from a decree overruling a demurrer to the bill.

WHITE & HOWZE, for appellants, insisted that the allegations charging fraud were to ogeneral and stated conclusions instead of facts.

MOUNTJOY & TOMLINSON, for appellee, in reply, cited *Pollak v. Searcey*, 84 Ala. 259; *Calhoun v. Hannon*, 87 Ala. 277; *Lehman v. Greenhut*, 88 Ala. 478; *Mobile Bank v. McDonald*, 89 Ala. 434; *Robinson v. Moseley*, 93 Ala. 70.

McCLELLAN, J.—Bill by creditor to set aside sale of stock of goods by his insolvent debtor as fraudulent and to subject the property to the payment of his and the debts of other creditors. The following are the averments of the bill which are intended to present a case of fraud: "That on the 28 day of November, (1890), said defendant, Leo Klein, made a pretended sale of goods, wares and merchandise (in a certain store) to said Burghard Steiner and Sigfried Steiner (the other defendants) as Steiner Brothers. Your orators aver that said sale was made for a pretended antecedent debt of about ten thousand, seven hundred dollars, alleged to be due by said Leo Klein to Steiner Brothers; but your orator avers that said debt was in whole or in part simulated, that the value of said goods was grossly in excess of the amount of the debt; that said goods were actually worth the sum of, to-wit, fifteen thousand dollars ($15,000.)" "That said Klein was at the time hopelessly insolvent and that said sale was made to hinder, delay and defraud creditors," &c., &c.

The demurrers, from a decree overruling which this appeal is prosecuted, raised the question of the sufficiency of these averments as a charge of fraud in said sale, the contention being that the *facts* constituting the alleged fraud are not stated. We think they are. The averment that the debt of Steiner Brothers was "simulated" has been held sufficient impeachment of the *bona fides* of the debt in a similar case. *Cartwright v. Bamberger, Bloom & Co.*, 90 Ala. 405, 410; and the fact that the purchasers received goods of the value of *about* $15,000, for thus the averment in that regard is to be construed, in satisfaction of even a valid debt to the full amount of $10,700 would of itself vitiate the transaction at the suit of creditors of their vendor.—*Calhoun v. Hannon & Michael*, 87 Ala. 277.

The decree overruling the demurrers is affirmed.