# Bank of Tupelo, *et al. v.* Hall, *et al.*

*Bill to Set Aside Certain Conveyances as a Fraud on Creditors.*

(Decided June 29, 1912. 59 South. 442.)

1. *Fraudulent Conveyances; Withholding Deeds From Record; Intent; Pleading.*—A bill to set aside certain conveyances as fraudulent which alleged that the grantor in the conveyances, expecting to embark in the cotton brokerage business in which large credit will be required, prior to the formation of the partnership, sold certain land in question to his brother and executed deeds therefor; that defendant, the grantee, permitted the grantor to remain in possession and control of the lands as his own, and intentionally withheld the deeds from record for the purpose of maintaining the credit of the brokerage firm, which the record of the deeds would have impaired; that the deeds were not recorded until after the firm had become insolvent, and after complainant's debts had been contracted, etc., by implication, charges that the withholding of the deeds from the record was with the fraudulent intent and for the purpose of creating a false credit, and that the allegations were tantamount to an averment of an intent to defraud, and yet was

demurrable because it did not allege that complainants were deceived or misled into giving credit to the firm by the conduct of the grantees, that being left wholly to inference.

2. *Same; Bill; Sufficiency.*—A bill to set aside a fraudulent conveyance must clearly show the matters necessary to such relief, and must not leave any of them dependent on inference.

3. *Same; Knowledge and Intent of Grantee.*—To justify the setting aside of a deed, valid at its inception, on the ground that the grantee withheld it from record to aid his grantor in obtaining credit, there must have been an actual fraudulent intent on the part of the grantee, resulting in injury to some creditor of the grantor.

4. *Same; Rents and Property.*—In a bill to set aside certain deeds for fraud as to creditors where recovery is also sought of subsequently accruing rent, an allegation that the grantee "claimed" to be receiving the rent from the land conveyed, was not sufficient to present an issuable fact.

APPEAL from Lowndes Chancery Court.

Heard before Hon. L. D. GARDNER.

General creditors' bill by the Bank of Tupelo and others against A. B. Hall and others, to set aside certain conveyances as fraudulent. From a decree sustaining demurrers to certain portions of the bill, complainants appeal. Affirmed.

The following are the paragraphs to which reference is made:

Paragraph 21. "Should the complainants be mistaken in the averments contained in the foregoing paragraphs, they aver: That some time prior to April 1, 1909, the said A. B. Hall formed a partnership with one H. B. Parker under the firm name of H. B. Parker & Co., for the purpose of conducting a business as cotton brokers and cotton merchants in the city of Tupelo, Miss. That said firm of H. B. Parker & Co. did conduct such business as cotton brokers in said city, and in the conduct of the same it was necessary for said firm to have extensive credit, and in the course of said business said firm incurred a large amount of indebtedness, part of which is due and owing to the complainants herein, and as set out and described above.

That prior to the formation of said partnership the said A. B. Hall informed the said W. B. Hall that he desired to go into said business in Mississippi, and that he desired to sell his fee simple in the said 1,405 acres and his one-half interest in the 109 acres described in Exhibit A hereto attached. That this was substantially all of the property of the said A. B. Hall then subject to levy and sale under execution for the payment of his debts, and thereupon the said W. B. Hall agreed to buy the same, and now claims to have paid the sum of $25,000 therefor. That prior to the execution and delivery of said deed of April 1, 1909, the said Wm. B. Hall knew that the said A. B. Hall was a member of the firm of H. B. Parker & Co., and knew that said firm in order to do business should have extensive credit, and, knowing this, the said Wm. B. Hall permitted his brother, the said A. B. Hall, to remain in possession and control of said lands as if they were his own, and intentionally withheld said alleged deed from the record for the purpose of maintaining the credit of said H. B. Parker & Co., which the record of said alleged deed and a change of possession thereunder would have impaired, and complainants aver that it was not until after said H. B. Parker & Co. had become insolvent and after the debts of the complainants were contracted that the said deed was filed for record."

Paragraph 26. The same as paragraph 21, except that it is alleged that the deed was executed July 30, 1902.

Paragraph 27. "Complainants aver and show: That during the month of August, 1908, the respondent A. B. Hall, and one H. B. Parker, entered into a partnership for the purpose of conducting a business as cotton brokers and cotton merchants in the city of Tupelo, Miss.; the business to be conducted under the firm name

of H. B. Parker & Co., that the said Hall and Parker are related by blood, being cousins, and that Wm. B. Hall is a brother of A. B. Hall, and a cousin of said Parker. That the said Parker owned practically no property, and was financially irresponsible for any debt that the said firm of Parker & Co. should contract. That the said A. B. Hall was entirely solvent, owning at that time very valuable real estate near Benton, Ala., which comprised substantially all of his property. That the business engaged in by the said firm required a large amount of capital and an extensive credit, and the said A. B. Hall claims to have contributed practically the entire capital with which the firm was to do business and did business. That prior to the formation of said partnership, and during the year 1902, the said A. B. Hall conveyed by deed to his brother, the said W. B. Hall, his half interest in about 2,600 acres of land situated near Benton, Ala., at and for a recited consideration of $3,000, and that subsequent to the formation of this partnership the said A. B. Hall made another conveyance to his brother, said Wm. B. Hall, of his sole interest in a tract comprising about 1,400 acres of which he was sole owner, and also half interest in about 109 acres which were owned jointly by him and his brother, upon a recited consideration of $25,000; copies of said conveyances being made Exhibits A and and B. hereto. That by these conveyances the said A. B. Hall parted with substantially all of his property which could be reached by creditors. That at the time of the formation of said partnership, and for some years prior thereto, as well as since the formation thereof, and up to and after the debts of these complainants were contracted, the said conveyances were secretly and intentionally kept by the said Wm. B. Hall from the record, and the said A. B. Hall re-

mained in possession of the lands attempted to be conveyed by said conveyances as the owner of the same. Complainants charged the facts to be that the said W. B. Hall, knowing of this contemplated partnership between his brother, A. B. Hall, and his cousin, H. B. Parker, knowing of the formation of said partnership, and of the financial irresponsibility of the said Parker, knowing that the said partnership would have to contract debts in order to carry out the said business venture, knowing that the partnership would be called upon for statements of its financial condition, and that of its members, and further knowing that the said H. B. Parker was in the management of said business, and would have to make representation as to the financial responsibility of the members of the said firm in order for it to obtain credit, and that said A. B. Hall must necessarily be represented as the responsible member of said firm in order for it to obtain credit, did by not recording said deed, and by permitting the said Hall to remain in possession of said lands, as their owner, enable the said Parker to get a large credit for the said firm; that the said H. B. Parker did, during the period of the said partnership, make known to the commercial world, through a commercial agency, the financial responsibility of the said A. B. Hall, and that Hall was the owner of unincumbered farm lands around Benton, Ala., of the value of $50,000, and which lands are described in the attempted conveyances marked Exhibits A. and B, and that the said Parker owned land valued at $11,000 with $400 incumbrance. And complainants charged that on the faith of that statement, and others of similar import, made either by the said Parker or the said Hall, the said partnership were enabled to get credit in the commercial world and to continue and maintain such credit up to and until the said firm had

incurred the debts now due these complainants; for and on account of which these complainants aver that the said deeds are fraudulent and void."

Paragraph 29. "It is further averred that Wm. B. Hall claims to be now receiving the rents and profits of said lands described in said alleged deed, which amount to large sums, to wit, $5,000 per annum, which orators as creditors of the said defendant A. B. Hall are entitled to receive at least since the filing of this bill."

JOHN L. STONE, MALLORY & MALLORY, POWELL & HAMILTON, LANE & LANE, J. R. BELL, and TYSON, WILSON & MARTIN, for appellant. Paragraph 15 presents a good cause for discovery, and is properly joined with the other features of the bill.—*Pollock v. Billing,* 131 Ala. 519. There can be no question as to the sufficiency of paragraphs 17 and 23.—*McGhee v. Importers Bank,* 93 Ala. 192; *Wooten v. Steels,* 109 Ala. 563. Until delivered a deed has no potency as a conveyance. —*Williams v. Armstrong,* 130 Ala. 389. Paragraphs 18 and 24 were not objectionable, and find support in the following cases.—*Carter v. O'Brien,* 105 Ala. 305; *Teague v. Bass,* 131 Ala. 422. Paragraph 19 shows that the conveyance was tainted with actual fraud in which the grantee capitulated rendering the conveyance void as to subsequent creditors.—*Seale v. Robinson,* 75 Ala. 363; *Dickson v. McLarney,* 97 Ala. 383; *McFadden v. McFadden,* 134 Ala. 337. Paragraphs 20 and 25 are not subject to the objection interposed.— *Carter v. O'Brien, supra.* Paragraph 21 was entirely sufficient.—*Seale v. Robinson, supra; Dickson v. McLarney, supra; Lehman v. VanWinkle,* 92 Ala. 443; *Noble v. Coleman,* 16 Ala. 77; *Motley v. Jones,* 98 Ala. 443. Paragraph 26 was sufficient on the authorities

next above cited. Paragraph 27 was sufficient.—Authorities supra. The holder of the mortgage was a proper party defendant.—*Williams v. Spraggins*, 102 Ala. 424.

PETTUS, FULLER & LAPSLEY, for appellee. The chancellor sustained demurrers to sections 21, 26 and 29 in the bill.—Sections 21 and 26 were twin sections, setting up that appellants had been drawn in contractual relationship with appellees by assuming their apparent status to be their real status, and the averments in these sections are not sufficient to maintain the theory advanced.—*Allen, et al. v. Caldwell, et al.*, 149 Ala. 297, and cases cited; *Lehman-Durr & Co. v. VanWinkle*, 92 Ala. 450; *Mobile Sav. Bank v. McDonald*, 87 Ala. 743. The rule is unusually strict, and requires that no essential fact be left to inference.—*Seals v. Robinson*, 75 Ala. 368 and authorities cited. Under these authorities sections 21 and 26 were fatally defective on account of the absence of any averment of injury to complainant. By the use of the word "claims" there is not an affirmance or disaffirmance of the fact to which it relates.—*Allen v. Caldwell, supra; Allen v. Riddle*, 141 Ala. 621. The intent of the grantee to participate in the fraud should be directly averred.—*Bliss v. Anderson*, 31 Ala. 625; *Thames v. Rembert*, 63 Ala. 561. For the same reason section 29 was defective.—*Tate v. Amer. F. L. M. Co.*, 132 Ala. 193.

DOWDELL, C. J.—This is a general creditors' bill attacking and seeking to have set aside certain described conveyances as having been made in fraud of the rights of complainants as creditors of the respondent A. B. Hall, the grantor in the conveyances assailed. Demurrers were interposed to the bill, and to partic-

ular paragraphs of the bill. The chancellor sustained the demurrers specially directed to paragraphs 21, 26, 27, and 29 of the bill. From this decree sustaining the demurrers to these specified paragraphs, the complainants prosecute this appeal.

The demurrers directed against paragraphs 21, 26 and 27 of the bill challenge their sufficiency in averments of actual intent to defraud, and of any injury done the complainants as a result of the fraud. The theory of these several sections is that the grantee, in withholding the deeds from record, was guilty of a fraud, in connection with the other matters stated, which avoided the deeds. There is no pretense but that the deeds were valid in their inception, and their validity is assailed alone on charges relating to the subsequent conduct of the grantee in concealing or withholding the deeds from record. It is not averred that the complainants suffered any injury from the grantee's conduct in withholding the deeds from record.

The bill must show with clearness matters essential to complainant's relief, and must not be made to depend upon inference.—*Seals v. Robinson*, 75 Ala. 363.

There must have been an actual intent on the part of the grantee to, at least, aid in defrauding subsequent creditors of the grantor by withholding the deeds from record, and such fraudulent intent should be averred and not be left to rest in inference. As was said in *Bliss v. Anderson*, 31 Ala. 625, 70 Am. Dec. 511: "But the inference of the intent would be but the inference of one fact from another. It is not sufficient, in chancery pleadings, simply to aver the evidence from which a required fact might be inferred, although the evidence itself, if uncontradicted, and not overcome by opposing proof, might be sufficient to induce a chancellor or a jury to find the fact from it."—citing *Knight's*

*Adm'r v. Vardeman,* 25 Ala. 262, and other cases. We recognize the principle that deeds, though valid at their execution, may become void by being actively withheld from record for the fraudulent purpose of creating fictitious credit and misleading others. There must in such cases be actual intent to defraud resulting in damage to some creditor of the grantor.—*Mobile Savings Bank v. McDonnell,* 87 Ala. 743, 6 South. 703, and cases there cited.

As we have said, there is nothing in these several paragraphs of the bill assailing the deeds as fraudulent in their inception. Their invalidity is dependent upon charges of subsequent fraud in withholding them from record. While paragraphs 21 and 26 allege that the deeds were intentionally withheld from record for the purpose of maintaining the credit of Parker & Co., they do not in terms aver it was with fraudulent intent and for the purpose of creating a false credit. We are of the opinion, however, that the charge of fraud is necessarily implied in the facts stated, as the credit intended to be given, and which was given, was a fictitious and false credit, and consequently the facts averred are tantamount to an averment of the purpose and intent to defraud. Paragraphs 21 and 26 were, however, as above shown, lacking in averment as to injury resulting to complainants from the alleged fraud. It is not charged that the complainants were deceived or misled, by the conduct of the grantee in withholding the deeds from record, into giving credit to Parker & Co. This is a matter which is left wholly in inference, and the demurrers taking the point were properly sustained under the authority of *Bliss v. Anderson, supra.* For the same reasons the demurrer was properly sustained as to paragraph 27.