# Moore, *et al. v.* Altom.

### Bill to Declare Deed Fraudulent.

(Decided April 16, 1916.   71 South. 681.)

1. **Fraudulent Conveyance; Bill; Parties.**—In a bill to set aside a fraudulent conveyance, one who has joined with respondent in the execution of a note on which complainant is a creditor, and whose liability is both joint and several, is not a necessary party.

2. **Same; Validity as Between Original Parties.**—A conveyance claimed to be fraudulent by a creditor of the grantor cannot for that reason be annulled as between the parties to it.

3. **Same; Disposition of Proceeds; Surplus.**—Where land is conveyed in fraud of creditors, and is sold to satisfy their claim, the remainder of the fund produced by the sale goes to the grantee in the fraudulent conveyance or those claiming under him.

4. **Same; Parties; Wife of Grantor.**—It is not necessary to join as respondent to a bill to set aside a conveyance as fraudulent, the wife of the grantor who is charged with no fraud, although she joined in the conveyance.

5. **Same; Pleading; Bill; Presentation of Note.**—In a bill to set aside a fraudulent conveyance in order to enforce a note, it need not be alleged that such note was presented for payment at the time and place where payable, nor to deny that funds awaited it there, since this is defensive matter.

6. **Bills and Notes; Money at Place of Payment.**—If money for the payment of a note awaits the holder at the time and place for payment, this is the equivalent of a tender under § 5025, Code 1907.

**7. Same; Presentation; Necessity.**—If the holder of a note does not present his note for payment where payment is tendered, he does not thereby forfeit his debt, but only the cost of collecting it elsewhere.

**8. Fraudulent Conveyances; Remedies; Order of Sale.**—If the complainant is entitled to a decree on the merits, and it appears that the land may be sold in parcels without jeopardizing the full satisfaction of complainant's demand, and that such course may avoid an unnecessary sacrifice of the land, the court may order the sale in parcels in its discretion.

APPEAL from Jackson Chancery Court.

Heard before Hon. JAMES E. HORTON, JR.

Bill by J. B. Altom against B. B. Moore, and others, to declare a deed fraudulent and void as to creditors, and to subject the land therein to sale for the satisfaction of the grantor's debt. From a decree for complainant respondents appeal. Affirmed.

LAWRENCE E. BROWN, for appellant. BOULDIN & WIMBERLY, for appellee.

SAYRE, J.—After the decree overruling the general demurrer had been affirmed in this court (*Moore v. Altom,* 192 Ala. 261, 68 South. 326) complainant (appellee) eliminated from his bill that alternative aspect of it which sought to enforce a vendor's lien, and further amended by adding to the bill in its other aspect, seeking to set aside a conveyance as fraudulent, an averment to the effect that the grantee defendant Sherwood was a party to the fraud.

(1) Smith had no interest in the lands in question; he took nothing by the conveyance complained of. He joined Moore in the execution of the note that made complainant a creditor; but this liability was several as well as joint. We conceive no reason why he should be made a party to complainant's bill to collect his debt from Moore by having the court decree Sherwood a trustee in invitum of the land conveyed to him in fraud of complainant's right as a creditor.

(2,4) As between the parties to it the conveyance in controversy cannot be annulled. After the complainant shall have been satisfied, the remainder of any fund to be produced by the decree, if the decree results in a sale, will go to the fraudulent grantee or those claiming under him.—*Davis v. Stovall,* 185 Ala. 174, 64 South. 586. It was not necessary to make Mrs. Moore, who joined her husband in the conveyance, but who is charged with no fraud, a party defendant to the bill.—*Williams v. Spragins,* 102 Ala. 424, 15 South. 247.

(5-7) Appellant insists that no default in the payment of the note is shown, for the reason that it was payable at the Tennessee Valley Bank, and the bill contains no averment that the note was presented for payment at the time and place when and where it was made payable, nor any denial that funds awaited the note at the bank. This is defensive matter. If money for its payment awaited the complainant at the time and place appointed for the payment of the note, that was the equivalent of a tender, but does not deprive complainant of his right to proceed in this bill. If complainant was at fault in presenting his note for payment, he did not thereby forfeit his money, but only the cost of collecting it elsewhere.—Code, § 5025. If an indorser were involved, the rule as to him would be different.

(8) Complainant was under no duty to point out how the land conveyed could best be sold to the advantage of defendant. If the averments of the bill shall be established, defendant has no rights in the land as against complainant. The court, in the event of a decree for complainant on the merits, if it shall appear that the land may be sold in parcels without jeopardizing the full satisfaction of complainant's demand, and that such course may avoid an unnecessary sacrifice of the land to defendant, may, in its discretion, order a sale in parcels. That matter will be left with the chancellor.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.