(131 So. 433)

### HARTZOG et al. v. ANDALUSIA NAT. BANK.

#### 4 Div. 498.

Supreme Court of Alabama.

Dec. 18, 1930.

A. R. Powell, of Andalusia, for appellee.

S. H. Gillis and A. Whaley, both of Andalusia, for appellants.

GARDNER, J.

The bill shows that complainant was an existing creditor of D. M. Hartzog at the time he executed a deed to the land therein described to his wife, and the primary purpose of the bill is to have said conveyance set aside as fraudulent and void as to this complainant. In one alternative, it is alleged that the said conveyance was without consideration, and in the other that, if there was in fact any consideration, it was grossly inade-

quate, with averment of the value of the property and the recited consideration.

The assignments of demurrer take only two points as to the foregoing averments. The first insisted upon is that the averment the conveyance is fraudulent and void is but the conclusion of the pleader. But a reference to the following authorities in view of the bill's averments will disclose that this point is not well taken: Beall & Coston v. Lehman Durr Co., 110 Ala. 446, 18 So. 230; Seals v. Robinson, 75 Ala. 363; Tyson v. Southern Cotton Oil Co., 181 Ala. 256, 61 So. 278; London v. G. L. Anderson Brass Works, 197 Ala. 16, 72 So. 359; Bank of Tupelo v. Hall, 178 Ala. 287, 59 So. 442; Moody v. Moody, 216 Ala. 156, 112 So. 752; Sutterer v. Morris Fertilizer Co., 208 Ala. 687, 95 So. 166; Breeding v. Ransom, 220 Ala. 82, 123 So. 899; Watters-Tonge Lumber Co. v. Knox, 206 Ala. 183, 89 So. 497; Klein v. Miller, 97 Ala. 506, 11 So. 830; Moore v. Altom, 192 Ala. 261, 68 So. 326.

The second objection is to the effect that, for aught appearing in the bill, the land, may have been exempt as a homestead at the time of the conveyance and not subject to complainant's demands. There is nothing in the bill indicating that the land possessed any characteristic of homestead, and, indeed, it is averred that its value was $6,000. We think any matter of homestead exemption therefore, is properly to be brought forward by answer. Moore v. Altom, 196 Ala. 158, 71 So. 681; Boutwell v. Spurlin Merc. Co., 203 Ala. 482, 83 So. 481; Smith v. Smith, 200 Ala. 197, 75 So. 955; Trapp v. First Nat. Bank, 217 Ala. 587, 117 So. 197; 27 C. J. p. 777, § 690.

Complainant was transferee of a mortgage on personalty executed by defendant D. M. Hartzog to the People's Bank, and a portion of its claim consisted of said mortgage indebtedness. Some of the property embraced in said mortgage was included in the alleged fraudulent conveyance, and a sale thereof sought along with that of the realty. The People's Bank mortgage also included "all personal property of every description owned by said * * * D. M. Hartzog" on the date of its execution. The bill avers that complainant does not know what personalty the mortgagor owned at that time, but that as to some of said property that was disposed of by these defendants an accounting is sought. Defendants take the point that the property is not sufficiently described, but the law does not require the impossible. Complainant did not know and could not therefore describe such property—a matter peculiarly within the knowledge of the defendants—a situation recognized as relaxing the rule of positiveness of averment. 21 C. J. 395.

We conclude that the assignments of demurrer interposed are not well taken, and the decree overruling the demurrer will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.