145 So. 140
## CITY OF BIRMINGHAM v. WHEELER et al.
6 Div. 229.

Supreme Court of Alabama.
Dec. 22, 1932.

W. J. Wynn and T. A. McFarland, both of Birmingham, for appellant.

Jim Davis and Herbert Etheridge, both of Birmingham, for appellees.

ANDERSON, C. J.

The complaint was brought under the Act of 1931, p. 370, authorizing an action of ejectment by the purchaser at a mortgage sale, and is identical with form 30 of section 9531 of the Code of 1923, and which said form is expressly prescribed by section 2 of said Act of 1931. The complaint was not therefore subject to the defendants' demurrer going to the form of same.

The other grounds of demurrer go to the constitutionality of the Act of 1931. The act applies to all counties now having, or which may have according to any future census, 300,000 inhabitants. This was a single classification, and was not a mere designation, and was not, under our previous decisions, a local law. State ex rel. Gunter v. Thompson, 193 Ala. 561, 69 So. 461, Crenshaw v. Joseph, 175 Ala. 759, 57 So. 942.

The act does not violate section 45 of the Constitution. It deals with but one general subject, to wit, the right of the purchaser at a mortgage sale of real property to recover possession by an action of ejectment and to regulate the proceedings in such action. The objections argued to the different sections relate to the proceedings and which are germane and cognate to the title. Nor do we think the act violates the due process or equal rights clause of the Constitution.

The trial court erroneously sustained the defendants' demurrer to the complaint.

The other question argued by counsel was not considered or decided by the trial court, and we do not feel disposed to pass on same as an original proposition. This is a court of appellate jurisdiction, with few exceptions, and we are not disposed to pass on questions upon appeal not considered or decided by the trial court.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.