53 So.2d 566

**MONTGOMERY et al. v. PARKER BANK & TRUST CO.**

**6 Div. 202.**

Supreme Court of Alabama.

June 14, 1951.

A. L. Sapp, Cullman, for appellants.

Finis E. St. John, Cullman, for appellee.

SIMPSON, Justice.

The complainants have appealed from a decree sustaining demurrer to a bill in equity seeking to have a real estate mortgage held by the defendant cancelled and set aside as comprising their homestead.

The bill alleges that appellant J. A. Montgomery became indebted to appellee, the bank, in the amount of $1,716 and that he and his wife, also appellant, did on the 16th day of May, 1949, execute a mortgage embracing the homestead to secure the aforesaid indebtedness, and that other lands were included in the mortgage which the mortgagors did not own. The bill in several aspects charges the mortgage is void and subject to be cancelled because (1) the acknowledging official was disqualified to act in taking the acknowledgement of the wife in that he was an official of the bank and a stockholder therein; (2) that there was in fact no separate acknowledgement as recited in the mortgage; (3) the execution

of the mortgage was procured by a fraud practiced on the mortgagor; (4) part of the land embraced in the mortgage was not the property of the complaining mortgagors.

The demurrer was addressed to the bill and to each of its aspects. The trial court, in a well-reasoned opinion writing to the several aspects, sustained the demurrer and we are in accord with that decree.

■ The principle is conceded that where the wife's acknowledgement was before an interested notary public such as an official and stockholder of the mortgagee bank, the mortgage of the homestead was subject to be invalidated against direct attack. Becker Roofing Co. v. Farmers' & Merchants' Bank, 223 Ala. 132, 134 So. 635; Walker v. Baker, 199 Ala. 310, 74 So. 368; Sumners v. Jordan, 220 Ala. 402, 125 So. 642; Fies & Sons v. Lowery, 226 Ala. 329, 147 So. 136.

■ And the proceeding here to set aside and cancel the mortgage is a direct attack. Becker Roofing Co. v. Farmers' & Merchants' Bank, supra.

■ But the rule is also recognized that where the purpose of the bill, as here, is to have the mortgage cancelled, if the bill shows that the complainant had received anything of value at or after the execution of the mortgage as a part of its consideration, the complaining party must offer to do equity by making restitution to the mortgagee of such things of value as he so received. Cases cited, supra.

■ The court ruled that this aspect of the bill (No. 1 above) was demurrable because of its failure to offer to make such restitution. The court construed the allegations as indicating that the mortgagors did receive some present value for the execution of the mortgage and that it was therefore incumbent upon them to offer to do equity by making proper restitution. We think this is a fair construction of the bill. While such allegations are not made haec verba, this is their general intendment, since the averments show that the complainant J. A. Montgomery became indebted to the bank, that he and his wife executed the said mortgage to the bank for the stated amount on the named date, which leads to the practical interpretation that the specified date would apply both to the date of becoming indebted and the date of the execution of the mortgage, the effect of which would be that the mortgage was made for a present consideration. Construing these allegations on demurrer most strongly against the pleader, as we must do, Regional Agricultural Credit Corp. v. Hendley, 251 Ala. 261(5), 37 So.2d 97, the interpretation placed upon them by the court is correct.

■■ The aspect of the bill seeking to invalidate the mortgage on the averment that the wife's separate acknowledgement was not taken as recited in the certificate of the acknowledging officer, was also subject to demurrer, as ruled by the trial court, for failing to show that the official had no jurisdiction of the party or the instrument being acknowledged, or that fraud or duress was practiced on her in procuring the acknowledgement, to which fraud the mortgagee was a party. Our cases are very clear to the effect that when a certifying officer acquires jurisdiction by having the grantor and the instrument before him and he exercises such jurisdiction, the resulting certificate is conclusive of the truth of the facts therein stated, which the officer is authorized to state, in the absence of fraud or duress and that a demurrer will be sustained to a bill attempting to invalidate the instrument for lack of a proper acknowledgement if it fails in these requisite averments. No such allegations appear. Woolen v. Taylor, 249 Ala. 455, 31 So.2d 320; Fies & Sons v. Lowery, supra; Moore v. Bragg, 212 Ala. 481, 103 So. 452; Qualls v. Qualls, 196 Ala. 524, 72 So. 76; Hayes v. Southern Home Building & Loan Ass'n, 124 Ala. 633, 26 So. 527, 82 Am.St. Rep. 216.

■ Likewise was the aspect of the bill alleging fraud as the basis for cancellation of the mortgage subject to the grounds of demurrer interposed. The alleged fraud was in the failure of the bank to make good its promise to cancel of record and surrender certain personal property mortgages of the complainants, which the bank held. The fraud thus alleged is a failure to fulfill

24

a promise and does not show that the promise was made with the intent to deceive and with no intention that it should be fulfilled. Under well-considered authorities, the absence of such allegation made this aspect of the bill subject to apt demurrer. Zuckerman v. Cochran, 229 Ala. 484, 158 So. 324; Board of Revenue of Covington County v. Merrill, 193 Ala. 521, 547, 69 So. 971; Bank of Tupelo v. Hall, 178 Ala. 287, 59 So. 442; Bliss v. Anderson, 31 Ala. 612, 625, 70 Am.Dec. 511.

The final aspect of the bill seeks to invalidate the mortgage because it is alleged that the official of the bank, the notary public who prepared the mortgage, included lands not their own which they told him were not to be included. We are also impressed that the court ruled correctly in sustaining demurrer to this aspect, since if the complainants did not own the land they would have no standing in equity to have the conveyance vacated. But if the allegations should be construed that the mortgagors did have an interest in the land, no fraud or misrepresentation on which they relied to their injury is alleged in connection with the inclusion of such land in the description, resulting that there would still be no equity in that aspect of the bill. Prestwood v. Carlton, 162 Ala. 327, 50 So. 254; Regional Agricultural Credit Corp. v. Hendley, supra.

We find no error in the ruling below.

Affirmed.

LIVINGSTON, C. J., and BROWN and FOSTER, JJ., concur.