258 So.2d 900

**Curtis WHITE and Ella L. White**

v.

**CITY FEDERAL SAVINGS & LOAN ASSN., a Corporation.**

**6 Div. 127.**

Court of Civil Appeals of Alabama.

March 1, 1972.

Harris & Esdale, Birmingham, for appellants.

Lawrence B. Clark, Birmingham, for appellee.

BRADLEY, Judge.

The ejectment action from which an appeal to this court has been taken is authorized by Title 62, Section 129, Code of Alabama 1940, as Recompiled 1958.

In 1967 appellants sold the property in question to G. C. Brown. Brown mortgaged the property to appellee for $9,600. In 1970 Brown defaulted on the mortgage and it was foreclosed by appellee. Appellants were notified to vacate the property, but they failed to heed the notice. Appellee commenced ejectment proceedings to gain possession of the property.

The complaint as amended was in Code form with appellee seeking possession of the property and $200 as damages for its unlawful detention. After a plea in short by consent, etc., trial was had before a jury who returned a verdict in favor of appellee giving it possession of the property but no damages for the detention. After a supersedeas bond was filed, appellants appealed to this court and here argue that Title 62, Section 129, Code of Alabama 1940, as Recompiled 1958, the statute under which this case arose, is unconstitutional as violative of the equal protection and due process clauses of the Fourteenth Amendment to the U. S. Constitution.

Appellants, in arguing the above contentions, do not support their arguments with any authorities.

Title 62, Section 129, supra, is a codification of Act No. 327, Acts of Alabama 1931, p. 370, and as it was amended by Act No. 172, Acts of Alabama 1933, p. 183.

Act No. 327 was enacted to give preferential treatment to statutory ejectment actions in counties whose population exceeded 300,000 people. Act No. 327 was amended by Act No. 172 to change the classification from counties with populations in excess of 300,000 to counties with populations of 90,000 and above.

The Supreme Court in 1932 in the case of City of Birmingham v. Wheeler, 225 Ala. 678, 145 So. 140, had this to say about Act No. 327, supra; and keep in mind this was before amendatory Act No. 172:

"The other grounds of demurrer go to the constitutionality of the Act of 1931. The act applies to all counties now ha v-

**558**

ing, or which may have according to any future census, 300,000 inhabitants. This was a single classification, and was not a mere designation, and was not, under our previous decisions, a local law. State ex rel. Gunter v. Thompson, 193 Ala. 561, 69 So. 461, State ex rel. Crenshaw v. Joseph, 175 Ala. 759, 57 So. 942.

"The act does not violate section 45 of the Constitution. It deals with but one general subject, to wit, the right of the purchaser at a mortgage sale of real property to recover possession by an action of ejectment and to regulate the proceedings in such action. The objections argued to the different sections relate to the proceedings and which are germane and cognate to the title. *Nor do we think the act violates the due process or equal rights clause of the Constitution.*" (Emphasis added.)

By Act No. 172 the Legislature increased the number of counties that would be subject to the provisions of Act No. 327, so that its effect is not limited solely to Jefferson County.

Appellants argue that by being given preferred treatment in the disposition of their lawsuit, they are given less time to remain in possession of property to which they are not entitled than similarly situated persons in counties not covered by the provisions of Section 129, supra, and thereby their Constitutional rights have been abrogated.

Notwithstanding the decision in *Wheeler,* supra, the reason and purpose prompting the legislative enactment of Act No. 327 and its amendatory Act No. 172, could easily be that the Legislature wished to expedite the disposition and development of urban property by providing the necessary machinery to quickly remove encumbrances on property, remove clouds on titles speedily, and place rightful owners in possession of their property as quickly and expeditiously as possible. Knowing that court dockets in urban areas are more likely to become clogged, thereby delaying the dis-

position of cases for an excessive period of time, the rationale supportive of such legislation as Act No. 327 is not unreasonable. In fact such motives are in keeping with good common sense.

We can perceive of no equal protection rights denial in this aspect of the case.

As to the due process argument, we find no merit in it for we are convinced that appellants have been accorded due process as that term is defined in Cooper v. Watts, 280 Ala. 236, 191 So.2d 519; said definition being as follows:

" '. . . Somewhat similar is the statement that it is a rule as old as the law that no one shall be personally bound until he has had his day in court, by which is meant, until he has been duly cited to appear, and has been afforded an opportunity to be heard . . . .' "

There being no reversible error argued in this court, the judgment of the trial court is affirmed.

Affirmed.