EDWARD N. SCRUGGS, Retired Circuit Judge.
This case involves the validity of two real estate mortgages given to the plaintiff, First Alabama Bank of Birmingham (bank).
The appeal of Mrs. Constantine, one of the defendants, was recently transferred to this court by the Supreme Court.
The evidence was presented before a jury and the trial court granted directed verdicts in favor of the bank in its action to recover the possession of a house and lot and as to an amended counterclaim of Mrs. Constantine. There was no dispute in the facts as to those issues which were of a “legal” nature, and the trial court rendered a final judgment thereon. In the same judgment, certain “equitable” issues were also decided by the trial court upon the same evidence which had been presented to the jury. The final judgment, in presently pertinent parts provided as follows:
“Based upon the testimony and evidence, the Court makes the following findings of fact:
“1. The suit was brought by the plaintiff as a purchaser at a foreclosure sale to recover possession of certain real property under the provisions of Act No. 327, Ala. Acts 1931, as amended by Act No. 172, Ala. Acts 1933, codified in Ala.Code Title 62, Section 129 (1940, as recompiled 1958) and preserved by Code of Ala.1975, § 1-1-10. Defendant Emanuel T. Constantine in his answer averred that the foreclosed mortgage was void and further that he was not in possession of the subject property. In her answer, defendant Margaret R. Constantine also averred that the foreclosed mortgage was void and further alleged that the plaintiff had violated federal and state consumer protection laws. In addition, Margaret R. Constantine filed a motion for equitable relief and a counterclaim and later filed an amendment to the counterclaim. The counterclaim as amended prayed that- the subject foreclosure deed and two notes and two mortgages be set aside and declared null and void and that the counterclaimant be awarded damages for alleged negligence, wantonness, and fraud on the part of the plaintiff.
“2. On August 21, 1979, the defendants executed a $60,000.00 note in favor of the plaintiff ... and as security signed a mortgage on the subject property_ The defendants signed a $20,000.00 note in favor of the plaintiff on October 25, 1979 ... and a second mortgage on the subject property
[[Image here]]
“3. On the occasion of each loan both defendants signed an authorization directing that the borrowed funds be deposited to various corporate checking accounts relating to family restaurant businesses. Even though Mrs. Constantine was employed, income from the restaurant businesses was used by the family to pay for utilities, food, clothing and other living expenses. Mrs. Constantine saved most of her income for periodic gifts to their older children.
[[Image here]]
“5. In connection with both loans both defendants signed mortgage loan extension agreements on November 20, 1979,... February 19, 1980,... July 11, 1980,... January 7, 1981,... and April 7, 1981_Inter-est payments were made on the occasions of the execution of the various extension agreements but no payment was ever made on either principal balance.
“6. By letter of August 3, 1982, the attorney for the plaintiff advised Mr. Callahan, then attorney for both defendants, that a notice of foreclosure sale relating to the first mortgage would be published in the August 7, 14, and 21 editions of Ala-barda Messenger and that the foreclosure *421 sale would be held on August 30, 1982. By agreement the sale was not held as scheduled. On December 3, 1982, the attorney for the plaintiff advised Mr. Callahan in his capacity as attorney for both defendants that another notice of foreclosure sale relating to the first mortgage would be published in the December 4, 11, and 18 editions of Alabama Messenger and that the foreclosure sale would be held on December 27, 1982. The foreclosure sale was held on December 27, 1982, as advertised and the plaintiff became the purchaser. A foreclosure deed was executed and recorded....
“7. On January 4, 1983, the plaintiff made written demand by certified mail on the defendants for possession of the subject property_ Defendant Margaret R. Constantine signed a certified mail receipt on January 12, 1983,... acknowledging receipt of the demand for possession. Between that date and the date of the hearing, the defendants obtained a divorce, Emanuel T. Constantine conveyed all of his interest in the subject property to Margaret R. Constantine, and Emanuel T. Constantine moved himself and all of his belongings to another address.
“8. The signatures of defendant Margaret R. Constantine on the first mortgage ... and the second mortgage ... were not made in the presence of the notary public, Ardith Srack, and no acknowledgment was taken from Mrs. Constantine on either occasion by Mrs. Srack. Because Margaret R. Constantine could not leave her place of employment on August 21 or October 25, 1979, Emanuel T. Constantine was allowed on each occasion by J. Stanley Mackin, Sr. Executive Vice President of the plaintiff and a personal friend of both defendants, to take the mortgage to Mrs. Constantine’s place of employment where she signed each mortgage, along with various other papers, in the presence of only Mr. Constantine. On each of the two occasions when Mr. Constantine returned the mortgage to the plaintiff, Mr. Mackin instructed his secretary, Ardith Srack, nor Ardith McMicken, to complete the acknowledgement paragraph that related to the signature of Mrs. Constantine.
“9. Neither defendant offered to do equity by making restitution to the plaintiff of the value they received after the execution of the mortgages.
[[Image here]]
“Based on the facts set out above, the Court finds that the notes and the mortgages and the foreclosure deed are not due to be cancelled or vacated because the defendants did not offer to do equity by making restitution to the plaintiff of such things of value as they received. [Montgomery v. Parker Bank & Trust Co. 256 Ala. 20, 53 So.2d 566 (1951) and Rhodes v. Schofield, 263 Ala. 256, 82 So.2d 236 (1955)]. All documents are due to be enforced to the extent that they embrace property not covered by Margaret R. Constantine’s homestead exemption in the sum of $5,000.00. [Rhodes v. Schofield, supra]. Defendant Margaret R. Constantine should surrender possession of the premises sued for to the plaintiff within ten days from the date of the judgment [Ala.Code Title 62, Section 129 (1940, as recompiled 1958), Code of Ala., 1975, § 1-1-10] and at such time the plaintiff should deliver the sum of $5,000.00 to Defendant Margaret R. Constantine.
“Defendant Emanuel T. Constantine was not in possession of the subject property at the time this suit was filed. He has since conveyed all his right, title and interest in the property to Margaret R. Constantine.
“The Court further finds that there were no violations of any federal or state consumer protection laws and that the plaintiff was not guilty of negligence, wantonness or fraud.
“It is, therefore, CONSIDERED, ORDERED, ADJUDGED, and DECREED as follows:
“ONE: A judgment is hereby entered in favor of defendant Emanuel T. Constantine who is not in possession and who now has no right, title or interest in the subject property.
*422 “TWO: Defendant Margaret R. Constantine shall surrender possession of the premises sued for to plaintiff First Alabama Bank of Birmingham within ten days from the date of this decree. At such time the plaintiff shall pay to Margaret R. Constantine the sum of $5,000.00 as the statutory monetary amount of her homestead exemption.
[[Image here]]
[[Image here]]
“FIVE. The plaintiffs claim for damages for detention is hereby denied.
“SIX. The claims of defendant Margaret R. Constantine relating to violation of federal and state consumer protection laws, negligence, wantonness, and fraud are hereby denied.”
We have read and studied the two-volume record, the lengthy briefs of able counsel, and numerous authorities. This case was an ore tenus matter. There was evidence which supported those factual findings of the trial court, as set forth in the final judgment. The proper law was applied to those facts. “It is of course well understood that when a mortgage is invalid and the mortgagor files a bill in equity to have it vacated on that account relief will be denied him unless he restores the consideration which he received from the mortgagee. (Citations omitted.)” Rhodes v. Schofield, supra, 82 So.2d at 239. Here, a reasonable inference from the findings of facts in paragraph number 3 of the judgment is that Mrs. Constantine benefited from the funds which were borrowed from the bank, and there was other evidence to that effect. A signed, but improperly acknowledged, mortgage may be enforced in equity to the extent that it embraces property not exempt as a homestead and, in substance and effect, that is what the trial court did in this instance. Rhodes v. Schofield, supra. In short, the judgment of the trial court was correct.
While we construe that the judgment of the trial court lawfully or equitably determined fifteen of the issues which were raised by Mrs. Constantine on this appeal, three other issues are not covered by the final judgment.
In her motion for a new trial, Mrs. Constantine, for the first time, attacked the constitutionality of the statutes upon which the bank founded the legal civil action to recover the possession of the real estate. Those statutes have been declared to be constitutional. City of Birmingham v. Wheeler, 225 Ala. 678, 145 So. 140 (1932); White v. City Federal Savings & Loan Association, 47 Ala.App. 556, 258 So.2d 900 (1972).
The foreclosure deed did not state that the sale took place between the legal hours of sale. No authority is cited that such information must be contained in the foreclosure deed. Additionally, there was no evidence which indicated that the sale did not occur within the required hours. That omission from the foreclosure deed was not fatal.
The foreclosure notice was published in the Alabama Messenger, and Mrs. Constantine, without any proof thereof, argues that it is a newspaper of very limited circulation. It has been held that publication of a foreclosure notice in that newspaper is valid. Davis v. National Homes Acceptance Corporation, 523 F.Supp. 477 (N.D.Ala.1981).
Having found no error as to any presented issue, we affirm the final judgment of the circuit court.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.