I can not agree that the principles of collateral estoppel apply to bar this claim.
Defendants' principal argument is that plaintiff's own initial negligence and subsequent failure to take steps to avoid the effect of the mortgage were the cause of her injury. Plaintiff signed the mortgage before it was presented to the notary. The notary has no duty to stop someone from signing something of which the notary is unaware. The acknowledgement is a substitute for having two witnesses, Code 1975, § 35-4-23, and the instrument would still serve as the basis for an equitable, as opposed to a legal, mortgage. Rhodes v.Schofield, 263 Ala. 256, 82 So.2d 236 (Ala. 1955); Constantinev. First Alabama Bank of Birmingham, 465 So.2d 419
(Ala.Civ.App. 1984). Defendants argue that at best, plaintiff could have taken some action to undo what had already been done, if the notary had required plaintiff to be present and the notary's inquiries had triggered further investigation into the true nature of the document she had signed.[1] Further an equitable mortgage was enforced in Constantine when Ms. Constantine, who is now plaintiff in this case, failed "to do equity by making restitution to the plaintiff [mortgagee] of such things of value as [she had] received." 465 So.2d at 421. Therefore, a strong argument can be made that plaintiff's own conduct is the proximate cause, as a matter of law, of her loss. However, I believe that a factual question is presented on the issue of whether plaintiff's conduct was the cause of her loss and, therefore, I think a directed verdict is inappropriate.[2]
The majority opinion, applying the traditional principles of collateral estoppel or estoppel by judgment, concludes that all the traditional elements are met and, therefore, that plaintiff is estopped from pursuing this claim. I can not agree with the conclusory statement that the first prong of the test, that the notary would have been prejudiced by a contrary decision in the prior case, has been met. The notary was not a party to the prior suit. Where is the privity of parties between the Bank and the notary? The majority opinion holds that there is not a principal/agent relationship in this context by which a finding for the principal would absolve the purported agent of liability. If there was no such relationship, then none of the acts of the notary would serve as a basis for holding the bank liable or not liable.
An exception to the general rule of mutuality as to estoppel is recognized in Interstate Electric Co. v. Fidelity DepositCo. of Maryland, 228 Ala. 210, 212, 153 So. 427, 429 (1934), "where the liability of defendant is altogether dependent upon the culpability of one exonerated in a prior suit, upon the same facts, when sued by the same plaintiff." Plaintiff claims that she lost her house because an unauthorized mortgage existed on the house and that mortgage was foreclosed.Constantine determined that the mortgage was valid in *Page 757 
equity because plaintiff failed to make restitution. This conclusion, however, does not address the question of whether the equitable mortgage came into existence as a result of the notary's breach of duty. In other words, while the plaintiff may have been bound by the mortgage, the defendant may be liable to the plaintiff for giving the instrument apparent "legal" (as opposed to equitable) effect and inducing the lender to accept the mortgage as security for the note. Without such apparent "authenticity," the entire transaction may never have taken place. Therefore, because the liability of this defendant was not "altogether dependent upon the culpability of one exonerated in a prior suit," the exception to the rule of mutuality does not come into play, and collateral estoppel does not preclude this claim.
ALMON and KENNEDY, JJ., concur.
[1] Code 1975, § 35-4-29, sets forth the form of acknowledgment, which includes a statement that the notary certifies that the signatory, "being informed of the contents of the conveyance," voluntarily executed the same.
[2] The suit was filed before June 11, 1987; therefore, the "scintilla rule" applies. See Code 1975, § 12-21-12.